THE KNAPP AND COWLES MANUFACTURING COMPANY *vs.*
THE NEW YORK, NEW HAVEN AND HARTFORD RAIL-
ROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant, an ordinary steam railroad company, appropriated the entire width of a highway for its tracks, for a year or more, while eliminating grade-crossings and improving its line, pursuant to legislative authority, and during that time ran all its trains over said tracks. *Held* that the defendant was liable for such damages as the plaintiff, an abutter owning the fee of the street, sustained thereby, notwithstanding a statute which required these altera-tions and authorized a temporary closing of the highway did not expressly provide that the company should make compensation therefor; and that under such circumstances the provisions of the defendant's charter, requiring payment for land taken or used for its road, applied.

A judgment against the defendant for such damages does not consti-tute a taking of its property without due process of law, nor does it deprive it of the equal protection of the laws.

It is no defense to an action to recover such damages, that the defend-ant would have inflicted a greater injury upon the plaintiff if it had occupied the highway with its building apparatus and mate-rial, as it would have been compelled to do if it had laid its tem-porary tracks within its own location. It can never excuse a wrongful and injurious act that the defendant might have caused greater damage in a lawful manner.

An adjoining proprietor has no absolute right, in making improve-ments upon his own land, to occupy the whole of the adjoining highway with apparatus and material. His right of occupation extends only so far as is reasonably necessary, and so far as it is compatible with the right of the public and of other proprietors to a reasonable use of the highway.

General Statutes, § 2020, requires that a person injured by means of a defective road must give notice of the injury to the party bound to keep the road in repair, as a prerequisite to the bringing of an action therefor. *Held* that this requirement applied to persons injured while lawfully upon the highway, not to those wrongfully excluded from it; and therefore had no reference to the present case.

The construction of such a railroad upon the plaintiff's property is a trespass, for which an immediate action lies, and every day's use

is a new act of trespass, giving a new right of action. Accordingly, the statute of limitations (§ 1115), if pleaded as a defense, only bars so much of the plaintiff's cause of action as rests upon acts done more than three years before the suit was begun.

A demurrer to an allegation that a corporation, in doing a certain act, "proceeded in no respect under its charter," does not admit the truth of the allegation, since that is a mere matter of argument.

In the absence of any finding to the contrary, it must be presumed that the trial court, in fixing the amount of damages, considered only such acts of trespass as occurred within three years before the bringing of the action.

Argued November 5th—decided December 18th, 1903.

ACTION commenced in March, 1903, for $3,000 damages, for acts done in the course of the construction of improvements upon the defendant's road to the injury of an abutter on a street adjoining the railroad; brought to the Superior Court for Fairfield County where a demurrer to the answer was sustained (*Case, J.*) and judgment rendered for plaintiff for $500. *No error.*

*Goodwin Stoddard* and *Arthur M. Marsh*, for the appellant (defendant).

*Stiles Judson, Jr.*, and *Samuel F. Beardsley*, for the appellee (plaintiff).

BALDWIN, J. The plaintiff owns a factory in Bridgeport fronting on a highway known as Railroad Avenue, and also the fee of that street for its entire width. The defendant owns and operates a railroad adjoining that street on the opposite side. While reconstructing this road on an elevated grade, it put up a fence on Railroad Avenue which shut off all access from the sidewalk in front of the plaintiff's factory to the worked portion of the street, and occupied the whole of that portion of it with building apparatus and materials, and by a double track, laid two feet above the grade of the sidewalk, on which it moved all the trains on its main line for more than a year. The defendant pleaded in justification substantially the same matters which it relied on in the

case of *McKeon* v. *New York, N. H. & H. R. Co.*, 75 Conn. 343, and also (1) that no written notice of this claim had been given by the plaintiff, as required by the General Statutes of 1888, § 2673 (Rev. 1902, § 2020); (2) that while running its trains on Railroad Avenue, its whole location was occupied by building apparatus and materials, which otherwise it would have been necessary for it to place on the avenue, and which, if so placed, would have occasioned the plaintiff greater damage and inconvenience than did the use made of the street as a site for a temporary railway; and (3) that the right of action did not accrue within three years before the commencement of the suit. The answer also averred that to sustain the action, under the circumstances disclosed, would be to take the defendant's property without due process of law, and deprive it of the equal protection of the laws, and thus violate its rights under both the State and National constitutions.

The acts of which the plaintiff complains are substantially similar to those which were the subject of the *McKeon* case.

The defendant's answer was therefore properly held insufficient, unless there is merit in some of the new defenses which it sets up.

That the plaintiff would have been damaged more, had the defendant filled up Railroad Avenue with building apparatus and materials, instead of turning it into a railroad, is immaterial.

In the first place, an abutting proprietor has at common law no absolute right, in order to facilitate the construction of improvements upon his land, to occupy the whole of the adjoining highway with apparatus or materials. He may thus occupy part or the whole of it, if it be reasonably necessary to facilitate such a work, and if it be compatible with the right of the public and of neighboring proprietors to the reasonable use of the highway. But their rights are as perfect as his. When several parties enjoy common or concurrent rights to the use of the same thing, each must use his with due regard to those of the others. No facts are set up in the answer showing that the defendant, merely

by virtue of its ownership of adjoining land, could promote its own interests, at the expense of its neighbors and of the community, by filling up the entire street for a year or more with its apparatus and materials.

But, if it had that right, it did not exercise it. The answer avers that "certain necessary building materials and apparatus were placed and used by the defendant in said highway, but said temporary tracks occupied substantially the whole of the main roadway thereof."

Nor, under any circumstances, can one justify injuring another by an unlawful act, by showing that he could have done a lawful act which would have injured him more.

The judgment rendered against the defendant therefore took from it no property right. Its action was taken not as a landowner, in the exercise of a privilege appurtenant to premises which it owned and desired to improve, but as an agent of the State to promote public ends in the attainment of which it also had, by reason of its franchises, a private interest. That its authority from the State gave it no right to lay its tracks on the plaintiff's land without making just compensation, was determined in the *McKeon* case.

Nor does the judgment appealed from deprive it of the equal protection of the laws. The plaintiff's recovery is for a direct invasion of its rights of property. There was no discrimination against the defendant. Any one guilty of a similar wrong would be liable in the same way and to the same extent.

It is alleged in the answer that all the acts complained of were done under authority and direction of the State, and with an exemption from any liability for damages so occasioned, and that the defendant "proceeded in no respect under or by virtue of its charter." This last statement is in its nature mere matter of argument, and not an averment of fact. When the State clothed the defendant with the great powers on which it relies, the State knew what was the legal character and what were the legal responsibilities of the agent thus selected to do its will. It could only ac-

cept and only exercise the agency in its character as a railroad company, for as such only did it exist. It must be presumed that the General Assembly intended the charter from which it derived its being to govern its proceedings, except so far as the new grant of new powers might enlarge or restrict its effect. That there was in the legislation on which the defendant relies no implied restriction of the provision in the charter respecting its duty to pay for the use of any real estate required for constructing its road, with all necessary turn-outs, was determined in the *McKeon* case.

It is further alleged that the defendant received no benefit from its use of Railroad Avenue except such as might be necessarily incidental to carrying out the orders of the State for the elimination of grade-crossings. Had it been incumbent on the plaintiff to show a benefit to the defendant, it would be necessarily implied from its use of the street, elsewhere admitted in the answer, to run its trains on. But the question was as to the plaintiff's loss, not the defendant's gain.

The use which the defendant made of the street was not a mere source of consequential damage, such as might happen from closing part of a highway to public travel, or diverting its course, as in *Newton* v. *New York, N. H. & H. R. Co.*, 72 Conn. 420, 429. It was a direct taking of the plaintiff's land during a certain time, for a purpose to which it had never been dedicated or appropriated.

General Statutes, § 2020 (re-enacting General Statutes, Rev. of 1888, § 2673), gives an action to "any person injured in person or property by means of a defective road," against "the party bound to keep it in repair," except that "when the injury is caused by a structure legally placed on such road by a railroad company" the action lies only against such company; but no action can be maintained "unless written notice of such injury and a general description of the same, and of the cause thereof, and of the time and place of its occurrence shall, within sixty days thereafter, or, if such defect consist of snow or ice, or both, within fifteen days thereafter, be given" to the party sued.

No such notice as is thus provided for was required from the plaintiff to the defendant. The statute is designed merely to give an action to one injured while using a highway, in consequence of a defect due to a want of repair. *Bartram* v. *Sharon*, 71 Conn. 686, 694; *Upton* v. *Windham*, 75 id. 288, 292. It was enacted to protect those rightfully upon the highway, not those wrongfully excluded from it. Still less can it be claimed to refer to the injury done to the owner of land within the limits of a highway, by the temporary taking of it, without making compensation, as a site for a steam railroad.

The fifth defense—that of the statute of limitations—having been pleaded as a full defense, was properly held insufficient.

For the defendant to construct a railway upon the plaintiff's land was an act of trespass, for which an action could have been immediately brought. Every day's use of it for railway purposes was a new trespass, founding a new claim for damages. *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 249; *Uline* v. *New York Central & Hudson River R. Co.*, 101 N. Y. 98, 4 Northeastern Rep. 536. More than three years had elapsed from the date of the original entry before the action was brought. The statute of limitations applicable to actions of trespass (General Statutes, § 1115) was a bar to so much of the plaintiff's cause of action as rested upon acts done more than three years before suit brought, but not a bar to a recovery for acts done or damages suffered within three years. *Bull* v. *Pratt*, 2 Root, 440. The taking of the plaintiff's land for the defendant's purpose was not a permanent appropriation of it. It constituted a temporary invasion of his rights, commencing, as averred in the answer, on or about December 15th, 1899, and continuing until on or about March 15th, 1901, when it ceased altogether.

The cause of demurrer pleaded to the fifth defense was that "the acts of the defendant alleged in the complaint gave rise to one continuous and entire right of action, and it appears from the allegations of the answer that said acts

continued until on or about the 15th day of March, 1901, which is within three years before the commencement of this action." This statement of the nature of the wrong was not technically accurate, but it gave the defendant substantial notice that the plaintiff considered its complaint as adapted to a recovery for a continuing series of acts, the latest of which occurred on or about March 15th, 1901. It must be presumed, in the absence of any finding to the contrary, that the trial court, in assessing damages, considered such only as followed from the continuance of the trespasses within three years from the commencement of the suit.

There is no error.

In this opinion the other judges concurred.