WILLIAM J. THORNTON ET AL. v. WILLIAM J. COX, HIGHWAY COMMISSIONER

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 76379

Memorandum filed June 18, 1946.

*Alcorn, Bakewell* and *Alcorn,* of Hartford, for the Plaintiff.

*William L. Hadden,* Attorney General and *Bernard A. Kosicki,* Assistant Attorney General, for the Defendant.

COMLEY, J. The temporary injunction was issued for the reason that the original condemnation proceedings did not provide compensation to the plaintiffs for the damages resulting from the destruction of access to two of the plaintiffs' parcels of land from existing highways and from the destruction of access to the Hockanum River from another parcel.

Since the issuance of the injunction the defendant has amended his condemnation certificate by adding thereto express provisions covering the "taking" of these rights of access and he now moves for dissolution of the injunction.

The plaintiffs resist the motion on the ground that the condemnation certificate is still defective because it does not provide for a "direct taking" of the parcels which are being deprived of access to the existing highways.

The plaintiffs admit that they are only entitled to injunctive relief to prevent a taking of their property without compensation and that, in so far as their complaint concerns the amount of damages awarded to them, their sole remedy is by statutory appeal under § 1531.

It seems to me that as the condemnation proceedings now stand the plaintiffs' rights are fully protected and that they are now in a position to pursue their statutory appeal and obtain a review of all the questions pertaining to the amount of damages which should be awarded to them.

It is perfectly true that our cases speak of a complete deprivation of access as equivalent to a "direct taking" of the land and as a "confiscation" thereof. *Knapp & Cowles Mfg. Co.* v. *New York, N.H. & H. R. Co.,* 76 Conn. 311, 315; *Stock* v. *Cox,* 125 Conn. 405, 419.

But it is equally true that the property right which is in fact being destroyed is the right or means of access. Because of this destruction of access the property is so diminished in value that for all practical purposes it is "taken" or "confiscated." If all means of access to a piece of property are taken, it follows that the owner's measure of damage for that taking is the value of his property.

The amended condemnation certificate, referring as it does in express terms to "all right of access to and from Adams Street" and to "all right of access to and from Tolland Turnpike," sufficiently discloses that the defendant is destroying the plaintiffs' means of access to existing highways. It follows that he must make such compensation to the plaintiffs from this destruction of access as the law requires and that if he has failed to award the proper amount of damages the plaintiffs may obtain all the relief to which they are entitled by pursuing an appeal under § 1531.

The plaintiffs insist that the certificate must go further and recite that their land is being taken. I am inclined to agree that this would probably be better form. It would perhaps reflect more accurately and more completely what is being done But it is the substance and not the form which is important. The substantive rule of law is that, if a piece of land is deprived of all access and thereby isolated, the land is thereby "taken" or "confiscated" and the owner is entitled to damages therefor.

If the condemnation proceedings show that this is in fact being done it seems to me that the owner's rights are being sufficiently preserved at least to the extent that he does not require injunctive relief to protect him from an illegal taking or from a taking without compensation.

The amemnded certificate does show that with respect to one parcel all access to Adams Street is being taken; that with respect to another all access to Tolland Turnpike is being taken; and that with respect to another all access to the Hockanum River is being taken. The plaintiffs are certainly now in a position to prove, upon their appeal under § 1531, the effect of this deprivation of access upon their several parcels and to obtain just compensaation therefor.

The defendant's motion to dissolve the temporary injunction issued by this court on June 4, 1946, is granted and said injunction is dissolved.