## John Tyler *vs.* Town of Darien.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 11th—decided November 8th, 1932.

*Raymond E. Hackett,* for the appellant (defendant).

*Charles R. Covert,* for the appellee (plaintiff).

MALTBIE, C. J. The defendant town has a town plan commission elected in accordance with and acting under the provisions of Chapter 26 of the General Statutes, §§ 404 to 409, Cum. Sup. 1931, § 38a. The commission caused a map to be prepared and filed providing for changes in a highway upon which the property of the plaintiff abuts and made an assessment of benefits and damages on account of those changes. From this assessment the plaintiff appealed to the Superior Court, which substantially increased the amount he was found entitled to receive, and from this judgment the defendant has appealed.

The changes in the highway shown upon the map and the construction of a new roadway in accordance with it have resulted in bringing the line of the highway some six feet nearer to the plaintiff's house, thus

taking a narrow strip of his land, in the destruction of certain shrubbery upon the strip taken, in bringing within the line of the highway two trees which formerly had stood upon the plaintiff's property, in the destruction of two large shade trees which were within the limits of the highway as it had previously existed, and in replacing the dirt road which had formerly existed with a paved roadway, the edge of which is nearer the plaintiff's house than was the edge of the old road.

The appellant questions two of the items of damages found by the trial court. It allowed $500 for the destruction of the two trees which were within the lines of the old highway. When a town lays out a highway, it takes an easement for public passage, leaving the fee in the person over whose land the highway is laid; but, except as modified by statute, the easement so taken includes the right to make any changes in the highway which the changing needs of traffic may thereafter render necessary, without compensation to the owner of the fee; thus it may alter its grade or the location of the traveled portion or it may subject it to new and more burdensome uses, and may do any act necessary to accomplish these purposes. *Healey* v. *New Haven*, 47 Conn. 305, 313; *Canastota Knife Co.* v. *Newington Tramway Co.*, 69 Conn. 146, 36 Atl. 1107. The cutting of trees standing within the limits of a highway made necessary to adapt it for greater or easier travel falls fully within this principle. *Wadsworth* v. *Middletown*, 94 Conn. 435, 439, 109 Atl. 246. The cases cited by the plaintiff do not hold to the contrary. *Hoyt* v. *Southern New England Telephone Co.*, 60 Conn. 385, 22 Atl. 957, was a case where the tree in question was not cut by a municipality in furtherance of a public easement of passage, but by a private corporation. An examination of the

record in *Harris* v. *Ansonia,* 73 Conn. 359 (12 Records & Briefs, 400), 47 Atl. 672, discloses that the issue in that case, found by the jury for the plaintiff, was whether or not a strip of land upon which the city in reconstructing a highway had entered and cut a shade tree, was a part of an existing highway or was the private property of the plaintiff. In *Fox* v. *South Norwalk,* 85 Conn. 237, 82 Atl. 642, the record of the case does not show whether or not the trees in question were within the limits of the highway as it had previously existed or were brought within those limits by the widening of the street which was one element of the improvement upon which the assessment of damages was based, but the brief of the appellee (117 Records & Briefs, 373) states the latter to be the situation and nothing in the record or opposing brief controverts this.

Recognizing that in many instances, as where, for example, it becomes necessary to make substantial alterations in a highway many years after its original lay out, there would be injustice to the owners of abutting property if the right to compensation for damages suffered were denied, the legislature passed a statute, now General Statutes, § 1438, concerning damages and benefits resulting from changes in the grade of highways. This provides for the payment to any abutting owner of any "special damages" suffered by him and for the assessment against him of any "special benefits" accruing to him by reason of such a change of grade. In pursuance of the purpose of this statute, to give an abutting landowner compensation for changes in an existing highway which previously would not have been allowable, damages for the destruction in the process of changing its grade of shade trees within its limits have been recognized as recoverable. *Holley* v. *Torrington,* 63 Conn. 426, 433, 28 Atl. 613; *Platt* v.

*Milford,* 66 Conn. 320, 34 Atl. 82; *Cook* v. *Ansonia,* 66 Conn. 413, 429, 34 Atl. 133. In the instant case it is found that there was no material change of grade in front of the plaintiff's property and this statute is not applicable. If the plaintiff can recover damages for the destruction of the tree in question it must be by reason of a like exception to the general rule made by the terms of the statute defining the powers and duties of the town plan commission. General Statutes, §§ 405, 407. These provide that the commission may prepare surveys, maps and plans showing proposed locations or relocations of highways or streets or improvements thereof and upon the approval by the commission of any such map or plan it may be filed in the town clerk's office. It is the commission's duty then to give notice to every record owner of land included in the map or plan of its filing and of a time and place for a hearing. After the hearing the commission may approve and adopt the map or plan and "may make assessments of benefits accruing to and damages sustained by any person owning land included in such map or plan." Then follow provisions as to a lien to secure the benefits assessed, the collection of such benefits, later changes in the map or plan, with the requirement of a similar procedure as upon the original filing, and an appeal to the Superior Court, which may, by committee or otherwise, "reassess such damages or benefits."

Briefly stated the question before us is, did the legislature intend by these provisions to alter the liability of towns to pay damages on account of the lay out of highways or changes in them, or did it merely intend to establish a method by which such damages as a property owner was entitled to receive under the established principles of our law or the terms of our statutes, were to be determined. The broad provision

we have quoted from the statute is, it is true, somewhat similar to that in the statute concerning damages and benefits for changes of the grade of highways to which we have referred, particularly in view of the difficulty of giving any significance to the word "special" as used in the phrase "special damages" in that statute. See *Platt* v. *Milford*, 66 Conn. 320, 330, 34 Atl. 82. There is, however, this vital distinction between the two statutes. That as to changes of grade was enacted for the very purpose of providing for a recovery of damages for acts of the municipality which otherwise would have given rise to no such right, while the purpose of the town plan commission statute was to establish a different and more far-reaching means for carrying out functions which already belonged to towns. It is not easy to believe that the legislature intended by the latter Act to increase the previously existing liability of towns to pay damages for the lay out, construction or alteration of highways, or that the towns which have acted under it intended thereby to assume such liabilities. Nor can we lightly attribute to the legislature a purpose to make a distinction in the liabilities of towns for changes in highways dependent solely upon action, or failure to act, under the town plan commission law. The very fact of the use of the words "damages" and "benefits" without any qualification suggests an absence of such an intent. If the legislature intended to give to an abutting owner a right to damages not previously existing or to subject him to an assessment for benefits upon a new basis, it surely would have given some clear indication of that intent. Certainly some limitation upon the damages must be implied; damages in cases of this nature have always been restricted to those which are direct and immediate, not indirect, remote and merely consequential; *Clark* v. *Saybrook*, 21 Conn. 313, 323;

and the benefits to be assessed have been restricted to such special benefits as accrue to a particular landowner. *Ferguson* v. *Stamford,* 60 Conn. 432, 446, 22 Atl. 782. As some qualification of the word "damages" must be read into the statute, the intention of the legislature and the purpose of the statute will be effectuated, if the word is held to mean, such damages as would have been recoverable had the construction or alteration of the highway been made by the town without the intervention of the town plan commission. Giving to the statute this meaning, the plaintiff is not entitled to recover damages for the cutting of the shade trees which stood within the limits of the old highway.

The other element of damages of which the defendant complains is an allowance of $1125, stated by the trial court in its conclusions to be based upon the combined effect of taking the strip of the plaintiff's land together with relocation and reconstruction of the street adjacent to the plaintiff's house and appurtenant premises. The finding makes it evident that in determining the effect upon the value of these premises of the alterations in the highway the trial court took into consideration a heavy increase in the traffic over it due to the replacement of the former dirt road with a wide macadam pavement. From what we have said it is apparent that the mere relocation of the traveled portion of a highway within its limits, a change in the character of its surface, or an increase of traffic over it cannot in themselves be a basis for an award of damages to an adjoining landowner. *State ex rel. Howard* v. *Hartford Street Ry. Co.,* 76 Conn. 174, 183, 56 Atl. 506. On the other hand, the bringing of the line of the highway as laid out nearer his house might result in a decrease of its value properly allowable as damages. *Fox* v. *South Norwalk,* 85 Conn. 237, 242, 82 Atl. 642.

While the right to damages must rest upon the change in the line of the highway, the amount of the depreciation in value of the abutting premises may be affected by the nature of the use to which the strip devoted to highway purposes will be put. A very different situation would be presented in a case where there was no reasonable probability of there being anything more than a little use of it for a margin outside the limits of the roadway and in one where the strip was included within the portion of the highway which had been, or in reasonable probability would be, paved and subjected to heavy traffic. Such elements might enter into the application of the rule of damages where a portion of a tract of land is taken, that is, the difference between the value of the tract before the taking and the market value of what remained after the taking and after the completion of the improvement. *Gaylord* v. *Bridgeport,* 90 Conn. 235, 239, 96 Atl. 936; *Martin* v. *West Hartford,* 93 Conn. 86, 88, 105 Atl. 342; *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 215, 146 Atl. 20; *Young* v. *West Hartford,* 111 Conn. 27, 33, 149 Atl. 205. But in the case before us the relocation of the roadway does not bring within the traveled portion and its shoulders any part of the strip of the plaintiff's land which has been taken. The plaintiff is entitled to damages based upon the right which the town acquires by the taking of the land to subject it in the future to any use which the changing needs of traffic may require. But he is not entitled to damages based upon the nature, location and greater use of the roadway which has been constructed entirely within the limits of the highway as it existed before the taking of the strip across his land. There was error, therefore, in the trial court's method of estimating damages to which the plaintiff is entitled

by reason of the bringing of the line of the highway nearer his house.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.