EMMA V. LEFEBVRE *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 1, 1942.

*Dennis P. O'Connor,* with whom, on the brief, was *Edward J. Lonergan,* for the appellant (plaintiff).

*Leo V. Gaffney, assistant attorney general,* with whom, on the brief, was *Francis A. Pallotti, attorney general,* for the appellee (defendant).

AVERY, J. This is an appeal from an assessment of damages by the state highway commissioner. The only question involved is whether the trial court

adopted the correct rule. The facts found by the state referee are not disputed and so far as necessary for the determination of the question involved on this appeal are these: The plaintiff is the owner of a piece of property in the town of Windsor located on the southwest corner of Windsor Avenue and Barber Street with a frontage of fifty feet on the avenue and having upon it a building with stores. Windsor Avenue is an old highway built about thirty years ago. It was sixty-six feet in width with a traveled portion twenty-two feet wide. Before any reconstruction work was commenced on the avenue, the plaintiff's building was seventy-three feet from the center of the old road and five feet higher, with a gradually sloping grade from the building to the road. In reconstructing the highway, the old traveled portion was replaced by two concrete sections with curbs on both sides. The westerly curb is now nine feet from the east line of the plaintiff's property and the traveled portion of the new road is thirty feet nearer the plaintiff's line than was the traveled portion of the old road. Within the nine feet of highway in front of the plaintiff's property there was constructed a concrete sidewalk conforming to the grade of the new highway. All this construction and change of grade was done within the lines of the old highway and without entering in any way upon the plaintiff's land.

The slope extending from the plaintiff's land to the traveled portion of the old highway in consequence of the reconstruction work was cut off from the east line of the plaintiff's land, leaving the edge of that land at various heights above the new sidewalk. In order to improve this slope, the highway commissioner took certain rights officially stated to be for the "construction of slopes, sidewalks, steps and incidental work appurtenant thereto." The purpose of taking these

rights by the commissioner was to provide a new slope by regrading the plaintiff's land, seeding it, and constructing new walks and steps of concrete for the entrances to the building. An award of $200 was made to the plaintiff for the rights in her property thus taken. The right of the highway commissioner to take an easement for such a purpose by condemnation is not questioned by the plaintiff and we do not consider it. The work was begun but because of opposition on the part of the plaintiff the defendant ceased work and it was only partially completed when the appeal was taken. The referee reported as follows from the evidence which he had heard and an inspection of the premises:

(a) The fair market value of the plaintiff's property before any work was done on Windsor Avenue was $13,000. With work on the avenue and all the work on the slopes completed as planned, the fair market value of the plaintiff's property would be $10,500. And the net damage would be $2500. With the work on the avenue complete and the work on the slopes begun but carried no further than at present, the fair market value of the plaintiff's property would be $9700. And the net damage under those circumstances $3300.

(b) Assuming that any and all injury to the plaintiff's property resulting from the work done within the limits of the old highway lines on the avenue is not recoverable in this action but must be excluded from consideration and that the damages to be awarded are limited to the effect of the present taking, then, if the work on the slopes were completed as proposed, the fair market value of the plaintiff's property would be $12,800. And the net damage would be $200.

On the other hand, if the award is to be for the present taking and the beginning of work on the slopes

but such work is to be carried no further than at present, then the fair market value of the plaintiff's property would be $12,000. And the net damage would be $1000. The Superior Court, upon the basis of the state referee's report, entered judgment for the plaintiff for $1000.

The state has not appealed. The only claim of the plaintiff is that, since the highway commissioner finally took by condemnation an easement in her land outside of the former bounds of the highway, she is entitled to recover damages on the basis of the depreciation in the value of her property caused by the entire work, found by the referee to be $3300. The state contends, on the other hand, that for all work done within the former bounds of the highway the plaintiff is not entitled to any damages but is entitled to damages only for what was done outside of the highway bounds. It is a well-settled principle of our law that the public authorities acquire the right, except as otherwise provided by statute, to establish a grade for a highway or otherwise improve it at any time after the taking without liability for consequential damage to an adjoining owner none of whose property is taken. *Munson* v. *MacDonald,* 113 Conn. 651, 658, 155 Atl. 910; *Healey* v. *New Haven,* 47 Conn. 305, 313; *Fellowes* v. *New Haven,* 44 Conn. 240, 250; 1 Elliott, Roads & Streets (4th Ed.), § 554. The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. *Andrews* v. *Cox,* 127 Conn. 455, 17 Atl. (2d) 507. The changes to be re-

garded are those which take or will take place in the uses of land taken, not those which may be made in land previously devoted to highway uses. *Tyler* v. *Darien,* 115 Conn. 611, 618, 162 Atl. 837. The finding of the referee is not attacked, or in any way questioned, that the laying of the concrete roadway, the construction of the sidewalk and the curb and the change of grade were all accomplished by work within the limits of the old highway. The plaintiff, therefore, is not entitled to an award of the $3300 which she claims, but only to $1000, the award of which to her is not questioned upon this appeal.

There is no error.

In this opinion the other judges concurred.