NEVA A. ANDREWS *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 9—decided December 28, 1942.

*John P. Hodgson,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

MALTBIE, C. J.   In this appeal from an appraisal of damages by the highway commissioner for the taking, for highway purposes, of a small portion of a tract of land belonging to the plaintiff, the state referee to whom it was referred made an alternative finding, fixing the damages at $9 if only the value of the land taken is to be considered, but at $1700 if effect be given to "consequential" damages.   The trial court gave judgment for the former sum, and the plaintiff has appealed.

The plaintiff owned a lot of land in Wethersfield, fronting fifty feet on McMullen Avenue and one hundred and fourteen feet in depth, upon which was a house.   The commissioner took, for the purpose of constructing a new highway, a small triangular piece at one of the rear corners of the lot.   The highway

when constructed will be about twenty feet above the level of the plaintiff's land, with an upward slope from that level to the grade of the highway at a rate of two feet horizontal to one foot vertical. The surface of the highway will be about sixteen feet above the first floor of the plaintiff's house, and the embankment will materially obstruct the view from the house to the north and west. These facts will materially depreciate the market value of the plaintiff's house and remaining land. A portion of the slope will be on the land taken, and the toe of it will be about two feet from the taking line at its nearest point to the plaintiff's house. It has been the custom of the defendant, where a portion of a tract of land is taken by him for highway purposes, to include "consequential" damages to the remaining land, but not to allow them as regard lands no part of which is taken. The issue was raised before the state referee in this case whether such damages could be allowed in this case. As a result he made the alternative finding of damages previously stated.

The statute which authorizes the highway commissioner to take land for highway purposes merely provides for the payment of damages to the owner, without fixing any measure of compensation. General Statutes, § 1528. The constitution provides that the property of no person shall be taken for public use without just compensation. Const. Conn. Art. 1 § 11. Under this provision, unless some property is taken no compensation need be made. *Bradley* v. *New York & New Haven R. Co.,* 21 Conn. 294, 309; *Campbell* v. *United States,* 266 U S. 368, 371, 45 Sup. Ct. 115. This restriction of a right of recovery to situations where land is taken inevitably produces inequalities and inequities; thus the construction of a new highway on a portion of a tract of land of one person en-

titles him to recover damages suffered by reason of the depreciation in value of his remaining premises, whereas one owning land which abuts upon the new highway but no part of which is taken can recover nothing, although he may suffer an even greater damage. As long as the legislature provides no rule for measuring damages other than that inherent in the constitutional provision, it would be a vain endeavor to seek one which would work justly to all parties affected.

In the case before us, a portion of the plaintiff's premises was taken and there can be no question as to the general rule applicable in such a situation; the method of measuring damages "is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." *Lefebvre* v. *Cox,* 129 Conn. 262, 265, 28 Atl. (2d) 5. Under this rule the effect, if any, of the use made or to be made of the land taken upon the market value of the remaining land is to be considered; *Stock* v. *Cox,* 125 Conn. 405, 419, 6 Atl. (2d) 346; and it can make no difference whether the portion taken is large or small, except as that may affect the amount of damages. In the instant case a portion of the embankment of the new highway will be upon the land taken from the plaintiff; she would, if the record afforded a basis for such an award, have been entitled in any event to have considered in determining the damages to which she was entitled the decrease in value of the land remaining to her by reason of the use to which the land taken will be put by the placing of a part of the embankment upon it.

Of the alternative determinations as to damages which the referee reported, one was based solely upon the value of the land taken. This finding was no doubt made because of the claim of the defendant before him that the plaintiff was not entitled to any "consequential" damages, which we take to mean any damages due to the depreciation in value of the land remaining to her by reason of the use of the land taken. But the referee also found that if "consequential" damages were to be considered, the plaintiff was entitled to $1700. The report makes it clear that in these "consequential" damages the referee meant to include the amount of depreciation in value of the plaintiff's remaining land by reason of the highway construction not only on the land taken but also upon adjoining lands not belonging to her. There is no finding in the report as to any depreciation in value of the remaining land due solely to the use of the land taken for the portion of the embankment which stood upon it. Consequently there was nothing before the court which would justify an award of damages upon that basis and unless the plaintiff was entitled to have considered the highway construction not only on the land taken from her but also on the adjoining land of others, the trial court was correct in its decision.

In *Tyler* v. *Darien*, 115 Conn. 611, 162 Atl. 837, a narrow strip of land contiguous to a highway was taken for the purpose of improving it, and the trial court included in the damages awarded a considerable sum of money based upon the combined effect of the taking of the strip of the plaintiff's land and the relocation and reconstruction of the highway within its former bounds. We found this to be erroneous, stating (p. 618): ". . . in the case before us the relocation of the roadway does not bring within the traveled portion and its shoulders any part of the strip of the

plaintiff's land which has been taken. The plaintiff is entitled to damages based upon the right which the town acquires by the taking of the land to subject it in the future to any use which the changing needs of traffic may require. But he is not entitled to damages based upon the nature, location and greater use of the roadway which has been constructed entirely within the limits of the highway as it existed before the taking of the strip across his land." In *Lefebvre* v. *Cox,* supra, we had before us a case where, in improving a state highway, the highway commissioner took certain "slope rights" along the front of the plaintiff's property adjoining a street; the plaintiff claimed that, as an easement in her land outside the limits of the highway had been taken, she was entitled to recover damages on the basis of the depreciation in value of her property caused not only by the taking of the slope rights but also by the changes made within the limits of the highway as it had previously existed. We sustained the trial court in rejecting this claim. As to the changes to be considered in estimating the plaintiff's damages, we said (p. 265): "The changes to be regarded are those which take or will take place in the uses of land taken, not those which may be made in land previously devoted to highway uses." Where, as in these cases, it is practicable to separate the use of the land taken from that of the adjoining land, the same principle applies in the case of a new highway laid out in part upon the plaintiff's land and in part upon adjoining land which he does not own, and he is entitled to compensation only for the land taken and the use to which it will be put, not for the use which will be made of the adjoining land. *Campbell* v. *United States,* supra, 372. In the opinion in that case, *Blesch* v. *Chicago & Northwestern Ry. Co.,* 43 Wis. 183, *Chicago, K. & N. Ry. Co.* v. *Van Cleave,*

52 Kan. 665, 33 Pac. 472, and *Haggard* v. *Independent School District,* 113 Iowa 486, 85 N. W. 777, relied on by the plaintiff in this case, are distinguished on the ground that in them it was not possible separately to ascertain the damages caused by the taking and proposed use of the land taken apart from the effect of the whole improvement. See Orgel, Valuation under Eminent Domain, § 55.

In the case at bar the embankment for the highway, raised beyond the boundaries of the plaintiff's land to a level of twenty feet, started on the land taken. It would be very difficult to separate the effect upon the value of the plaintiff's remaining land of so much of the embankment as was on the land taken from the effect upon that value of the embankment as a whole. But the allowance of damages resulting from the whole of an improvement in such a case has another basis than the impracticability of such a separation. The element of cause and effect is present in any award for depreciation in the value of the remaining land due to use of the land taken for the making of the improvement; damages of that kind are given because they are caused by the use of the land taken; and where the making of the improvement requires as an integral and inseparable part the use of the land taken, though the improvement as a whole extends to adjoining land, that use is a contributing cause of the effect produced by the entire improvement. See *Duke of Buccleuch* v. *Metropolitan Board of Works,* L. R. 5 H. L. 418, 444. In *Walker* v. *Old Colony & Newport Ry. Co.,* 103 Mass. 10, 15, the Supreme Judicial Court of Massachusetts held that, in estimating the damages for the taking of a portion of a tract of land, the depreciation in value of the remaining land caused by the use made of adjoining land is to be considered "so far as it is

due to proximity secured by means of taking a part of the petitioner's land, and would not have resulted but for such taking." This rule was approved in *Lincoln* v. *Commonwealth*, 164 Mass. 368, 377, 41 N. E. 489, the court speaking by *Holmes, J.*, where it is said: "To that extent the damage could not have been suffered but for the taking of the petitioner's land, whereas for similar works just outside the petitioner's land he could not have recovered in the case supposed, either at common law or by the Constitution. The rule laid down gives the damages, but only the damages due to the taking of the petitioner's land." Under that rule, as we understand it, damages resulting from the use of adjoining land may be given although no part of the land taken is in fact utilized for the improvement, if the taking of the land results in bringing the improvement closer to the portion of the tract not taken; thus, in the situation before us, damages resulting from the construction of the highway entirely upon the land adjoining that taken from the plaintiff might be allowed if the taking of her land resulted in bringing that construction nearer her remaining land. We cannot hold that such a basis for giving damages is sound. But where the use of the land taken constitutes an integral and inseparable part of a single use to which the land taken and other adjoining land is put, the effect of the whole improvement is properly to be considered in estimating the depreciation in value of the remaining land. See dissenting opinion, *Kucheman & Hinke* v. *C., C. & D. Ry. Co.*, 46 Iowa 366, 379. Whether such a situation exists or not would often, perhaps usually, present a question to be determined by the trier; but the case before us falls so clearly within the principle that we may apply it as a matter of law.

It follows that the trial court was in error in fixing

as damages only the value of the land taken, and that the plaintiff was entitled to the sum of $1700 alternately found by the state referee to be the amount of the damage suffered by the layout and construction of the highway.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment that the damages to which the plaintiff is entitled are $1700.

In this opinion the other judges concurred.