FREDERICK D. HOLLISTER *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 9—decided November 4, 1943.

*Richard F. Corkey,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (defendant).

*Edward L. Reynolds,* with whom was *Joseph N. Perelmutter,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff was the owner of a tract of land of about twenty-nine acres located in the

town of Southbury and abutting in part on the Sandy Hook-Woodbury Road, now known as U. S. Route 6. On the tract stood an old house of colonial type. The house was located twenty feet west of the westerly line of the highway and seventy feet from the gutter on the westerly side of the traveled portion of the highway. The lawn extended from the front of the house to the gutter. Prior to October 31, 1928, the highway commissioner re-established the boundary lines and the highway became a part of the state trunk-line highway system. The referee's report and Exhibit 1, the blueprint taking-map, referred to therein, disclose that on October 2, 1941, the defendant took a strip of the plaintiff's land bordering on the highway, generally triangular in shape and containing seventy one-hundredths of an acre. The point of the triangle was opposite the center of the plaintiff's house in the boundary line of the old highway and the piece of land taken widened to over one hundred feet at its south boundary, about four hundred feet from the point of the triangle. The taking was for the purpose of widening the highway and changing its direction so that it would run on a curve instead of straight. The change in direction of the road necessitated the taking of the plaintiff's land and brought the westerly edge of the new paved road within about thirty feet of the easterly face of the plaintiff's house. The traveled portion of the new highway directly in front of the plaintiff's house is constructed wholly within the limits of the old highway, but as it proceeds in a southerly direction it is upon the land taken from the plaintiff.

The referee found that the fair market value of the defendant's whole tract before the taking was $16,100; that after the taking and completion of the project it was $13,160; and that the damages caused the plaintiff by the taking were $2940. He further found that the

construction of the traveled portion of the new highway so near the plaintiff's house caused $1500 of this depreciation in value, and that "were it not for this project and the taking of part of the appellant's land this $1500 depreciation of the appellant's tract would not have been suffered by him." The trial court accepted the referee's report and directed judgment thereon for $2940. From this judgment the defendant appealed. His claim is that the trial court did not apply the proper rule of damages upon the referee's finding and report. More explicitly his contention is that, the referee having found that the traveled portion of the new highway directly in front of the plaintiff's dwelling house was constructed wholly within the limits of the old highway, no damages should have been assessed for this construction and the trial court should have deducted the $1500 apportioned to this work by the referee.

The principle involved is applied in the late case of *Andrews* v. *Cox,* 129 Conn. 475, 29 Atl. (2d) 587, to which reference may be had for a more extended discussion of the pertinent law. Briefly, in *Lefebvre* v. *Cox,* 129 Conn. 262, 28 Atl. (2d) 5, we held that where improvements, or change of grade, were entirely within the highway no damage could be assessed. In *Andrews* v. *Cox,* supra, we held that there being a taking, although a minor one, the difference in market value before and after the taking was the measure. In that case a portion of the adjoining owner's land was taken and used for an embankment for a new highway. We referred to the case of *Tyler* v. *Darien,* 115 Conn. 611, 162 Atl. 837, where a strip of land contiguous to the highway was taken for the purpose of improving it, and the trial court assessed damages for the combined effect of the taking of the strip and the relocation of the highway within its former bounds, which we held

was erroneous, distinguishing it from the *Andrews* case in that no part of the strip taken was used for the traveled portion or shoulders of the highway and no claim was made for such use in the future. We called attention to the *Lefebvre* case, where we had said (p. 265) that "The changes to be regarded are those which take or will take place in the uses of land taken, not those which may be made in land previously devoted to highway uses." If no part of the plaintiff's land in the instant case had been taken and the defendant had destroyed the lawn simply by extending the traveled way within the bounds of the old highway, the case would have fallen within the rule in the *Lefebvre* case and no damages could be assessed. If part of the plaintiff's land had been taken but none of it used in and for the highway proper and there had been no claim of damages for a future change in its use for highway purposes, it would fall within the ruling in *Tyler* v. *Darien,* supra, and damages could not be assessed simply because the relocation brought the road nearer the owner's house.

In the case before us the general purpose was to create a curve in the road. To do this the state had to take part of the plaintiff's land and use it for the traveled highway. The fact that the part so taken and used was not directly in front of the plaintiff's house and that there the new highway was within the bounds of the old did not bring the case within the rule in *Tyler* v. *Darien.* Part of the plaintiff's land was in fact taken and used for the traveled highway and, as we said in the *Andrews* case (p. 482), "where the use of the land taken constitutes an integral and inseparable part of a single use to which land taken and other adjoining land is put, the effect of the whole improvement is properly to be considered in estimating the depreciation in value of the remaining land." By

reason of the taking and use of the plaintiff's land the defendant was enabled to construct the curve in the road and in connection therewith the traveled part of the highway was brought closer to the plaintiff's house. The use of the plaintiff's land for this purpose was an essential factor in causing the depreciation found to exist as a result of the nearer proximity of the traveled highway. The trial court was correct in applying the difference in market value of the plaintiff's entire property before and after the taking as the measure of damages.

There is no error.

In this opinion the other judges concurred.