PETER M. ANSELMO *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 21, 1948

*William J. Galvin, Jr.,* for the appellant (plaintiff).

*Bernard A. Kosicki,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

BROWN, J.  The plaintiff brought this action against the state highway commissioner and others to recover damages for the total temporary taking of the right of access to his property.  The highway commissioner, representing the state of Connecticut, interposed a demurrer to the substituted complaint.  The parties and the trial court, in disposing of the issues raised by the demurrer, ignored technical defects and irregularities and dealt with the action as one solely against the state.  We follow the same course.  *Cole* v. *Jerman,* 77 Conn. 374, 382, 59 A. 425; Conn. App. Proc. §§ 23, 22, 21.  Judgment was rendered upon the failure of the plaintiff to plead over after the demurrer was sustained, and the plaintiff has appealed.

The material allegations of the substituted complaint, admitted by the demurrer, may be thus summarized:  The plaintiff owned a gasoline station and parking lot abutting southerly and westerly on Wells Street in Hartford and served by two driveways. From August 6, 1945, to November 15, 1945, the high-

way commissioner and others "by virtue of powers and authority vested in [them] by the State in regard to such highway matters," by using barricades and policemen, by digging up the entire highway in front of the plaintiff's premises, and by creating large excavations and piles of material, took possession of the entire highway and completely shut off all access from the premises to the exclusion of the plaintiff and his customers. "These acts resulted in a taking (for the said period) of valuable property of the Plaintiff (i.e. the right of access to and from and into said highway) without just compensation," contrary to the state and federal constitutions. As a result, the plaintiff suffered a loss of trade and profits, and necessary expense. The highway commissioner and others have failed and refused to compensate the plaintiff for his damage.

In substance, the principal grounds of demurrer are: It does not appear that such a suit has been expressly authorized by statute or that the state has consented to the bringing of this action for damages against it; "if the alleged acts of the defendant . . . arose out of highway construction, there was no taking of property of the plaintiff and no payments of compensation were due to the plaintiff as a matter of law"; therefore the substituted complaint does not set forth a cause of action against the state. The court sustained the demurrer upon these grounds. In our discussion hereinafter, we shall refer to the state as the defendant.

In his brief, the plaintiff expressly concedes that "the defendant had the legal power to do what it did" but claims that it "failed in its commensurate duty, as required by the state and federal constitutions, to pay just compensation for this complete but temporary taking," for a public use, of his property right of access. *Hooker* v. *New Haven & Northampton Co.*, 14 Conn. 146, 159. The plaintiff does not question the estab-

lished law that the state cannot be sued without its consent. *State* v. *Kilburn,* 81 Conn. 9, 11, 69 A. 1028; *State* v. *Anderson,* 82 Conn. 392, 394, 73 A. 751; 49 Am. Jur. 301, § 91, and 304, § 92; 59 C. J. 300. Nor does he claim that there is any statute which either provides for an owner's realizing compensation under such circumstances or permits the bringing of an action against the state for damages therefor. He rests his argument upon the proposition that the provision of § 11 of article first of the constitution of Connecticut that "the property of no person shall be taken for public use, without just compensation therefor" is self-executing and that no further specific permission to sue the state is necessary. The following statement by this court is relied upon as explicit authority: "The legislation on which the defendant relies in the case at bar makes no direct provision for compensation for property taken. The Constitution does; and that is enough." *McKeon* v. *New York, N. H. & H. R. Co.,* 75 Conn. 343, 348, 53 A. 656. Two propositions are essentially involved in the plaintiff's argument: (a) In view of the constitutional provision referred to, no statutory provision is necessary to entitle one to recover compensation; (b) from this it results that where the state takes the property no specific permission to sue it is necessary. The language quoted above from our opinion in the *McKeon* case referred to a situation distinguishable from that in the present case in that there the defendant railroad, as we pointed out, "was not in the position of an ordinary agent of the State, selected to construct a public work, in which such agent has no personal interest. Its railroad served both public and private uses." Furthermore, it was operating under a charter which authorized it to take real estate but required it to pay all damages arising from such taking. The statement first quoted

does, however, afford support for proposition (a) above, which is also supported by these authorities: *Chester County* v. *Brower,* 117 Pa. 647, 656, 12 A. 577; *Hooker* v. *New Haven & Northampton Co.,* 14 Conn. 146, 158; *Hot Springs R. Co.* v. *Williamson,* 136 U. S. 121, 129, 10 S. Ct. 955, 34 L. Ed. 355. The following are authority for proposition (a) and also for proposition (b): *Chick Springs Water Co.* v. *State Highway Department,* 159 S. C. 481, 493, 497, 157 S. E. 842, and cases cited; *Rose* v. *State of California,* 19 Cal. 2d 713, 720, 123 P. 2d 505; *Jacobs* v. *United States,* 290 U. S. 13, 16, 54 S. Ct. 26, 78 L. Ed. 142. If we assume for the purposes of this decision that this case falls within the rule adopted in the three cases last cited, the question decisive of this appeal is whether the defendant's conduct in depriving the plaintiff of his right of access amounted to a taking in the constitutional sense.

It is clear from the allegations in the plaintiff's complaint that the only conduct of the defendant claimed to have constituted a taking consisted of acts done lawfully, incident to the proper exercise of its power and duty to provide and maintain the public highways. Furthermore, in so far as appears, these acts of the defendant, done in the discharge of this governmental duty, concerned solely a pre-existing highway and involved only the temporary use of it. Referring to the similar situation of an existing easement previously acquired by a town for highway purposes, we said: ". . . except as modified by statute, the easement so taken includes the right to make any changes in the highway which the changing needs of traffic may thereafter render necessary, without compensation to the owner of the fee; thus it may alter its grade or the location of the traveled portion or it may subject it to new and more burdensome uses, and may do any act necessary to accomplish these purposes. *Healey* v.

*New Haven,* 47 Conn. 305, 313; *Canastota Knife Co.*
v. *Newington Tramway Co.,* 69 Conn. 146, 36 Atl.
1107." *Tyler* v. *Darien,* 115 Conn. 611, 613, 162 A.
837. Upon the record before us, the statement in the
last clause quoted above holds true of the state's right
in this case. In the absence of any allegation that any-
thing done by the defendant was unnecessary to the
proper discharge of its duty, it follows that whatever
was done, in so far as it affected the plaintiff's property
or the use of it, constituted merely an exercise of the
state's right under its easement over the plaintiff's
property. See *Lefebvre* v. *Cox,* 129 Conn. 262, 265,
28 A. 2d 5; *Andrews* v. *Cox,* 129 Conn. 475, 479, 29 A.
2d 587. Therefore, the defendant's conduct could not
and did not constitute a taking of the plaintiff's
property in the constitutional sense. This conclusion
is in accord with the very great weight of authority.
*Talcott Bros.* v. *DesMoines,* 134 Iowa 113, 120, 109
N. W. 311; *Morris* v. *Indianapolis,* 177 Ind. 369, 385,
94 N. E. 705; *Chicago Flour Co.* v. *Chicago,* 243 Ill.
268, 271, 90 N. E. 674; see *Bradley* v. *New York &
N. H. R. Co.,* 21 Conn. 294, 309; *Downs* v. *Ansonia,* 73
Conn. 33, 37, 46 A. 243. Any loss suffered by the
plaintiff under the allegations of his complaint would
be damnum absque injuria. Cases up until 1935, the
very great majority of which confirm our conclusion
that the plaintiff is not entitled to recover under the
constitutional provision, are collected in these annota-
tions: 45 A. L. R. 543, 68 A. L. R. 340, 98 A. L. R. 956.

The plaintiff claims that the decision by this court
in the case of *Stock* v. *Cox,* 125 Conn. 405, 6 A. 2d 346,
establishes that temporary interference with an abut-
ting owner's right of access constitutes a taking of his
property for which he is entitled to compensation.
That case involved an original taking of land and, as
incident to it, the destruction of a right of access, not

a temporary interference with access due to the making of repairs on an existing highway. The reason why the landowner in a case of the latter type is not entitled to damages is that the original taking includes "the right to make any changes in the highway which the changing needs of traffic may thereafter render necessary, without compensation to the owner of the fee." *Tyler* v. *Darien*, 115 Conn. 611, 613, 162 A. 837. In view of the legal consequences of the existing easement here, shown by the cases cited above, it is evident that the *Stock* case affords no authority for the plaintiff's contention. The same is true of the case of *Rose* v. *State of California*, 19 Cal. 2d 713, 123 P. 2d 505, upon which he also primarily relies. The complaint in that action alleged that the defendant had constructed a large and permanent structure in the middle of the street along the front of the plaintiff's property to afford entrance to a railroad underpass, with consequent impairment of the plaintiff's right of access and depreciation in the value of his property. It was held (p. 728) that he could recover for the destruction of or damage to a certain property right, namely, his right of access, which right could not be taken without compensation. The building of the structure there involved, as was true in *McKeon* v. *New York, N. H. & H. R. Co.*, 75 Conn. 343, 348, 53 A. 656, and in *Knapp & Cowles Mfg. Co.* v. *New York, N. H. & H. R. Co.*, 76 Conn. 311, 315, 56 A. 512, apparently did not fall within a proper use of the plaintiff's land under the existing easement. Therefore the case cannot avail as authority for the plaintiff's contention in the present action.

There is no error.

In this opinion MALTBIE, C. J., ELLS AND DICKENSON, Js., concurred; JENNINGS, J., concurred in the result.