Kasmir F. Gontarz et al. *v.* Town of Berlin et al.

Kasmir F. Gontarz, Executor (Estate of Frances Gontarz) *v.* Town of Berlin et al.

John S. Gontarz et al. *v.* Town of Berlin et al.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued March 8—decided April 7, 1967

*Harry N. Jackaway,* for the appellants (defendants) in each case.

*Leonard W. Dorsey,* for the appellees (plaintiffs) in each case.

House, J.    These three cases all arise out of proceedings undertaken by the defendant the planning commission of the town of Berlin, pursuant to § 8-29 of the General Statutes, to widen a highway in the town of Berlin.    A strip of land was taken along the front of each of the three properties involved, and in each instance the commission determined that no damages should be assessed to the owners as a result of the taking.    The owners of each of the properties appealed to the Court of Common Pleas for a reassessment of damages pursuant to the provisions of § 8-30.    The three cases were tried together, and the Court of Common Pleas awarded damages of $2666 in one case, $1304 in another and $854 in the third.    In each case, the defendants have appealed to us, assigning as error the failure of the trial court to find as a fact the basis upon which the plaintiffs' appraiser reached his computation of damages and also that the court applied an improper rule of damages.

The defendants are entitled to a correction of the finding to include the fact that the damages as computed by the appraiser for the plaintiffs were arrived at on a strict square-foot basis by measuring the amount of land taken and then multiplying the amount of land taken by an applied square-foot value.    Not only did the appraiser in fact so testify, as the appendix to the defendants' brief discloses, but the finding, as clarified by the memorandum of decision, indicates that the court adopted the appraisals as thus computed by the appraiser for the plaintiffs.    Then in addition to this figure, in the case of each property, the court thereafter

accepted the testimony of a nurseryman as to the value of several individual trees standing on the strips taken from the plaintiffs, and, as to each property owner, the court added as a further element of damage the value of each of these trees so as to arrive at a total figure for which damages were assessed in each case.

"The proper measure of damages is the difference between the market value of 'the whole tract' as it lay before the taking and the market value of what remained of it thereafter." *Northeastern Gas Transmission Co.* v. *Ehrhorn,* 145 Conn. 83, 86, 139 A.2d 53; *Eljay Realty Co.* v. *Argraves,* 149 Conn. 203, 205, 177 A.2d 677; *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.,* 144 Conn. 509, 513, 134 A.2d 253; *Hollister* v. *Cox,* 130 Conn. 389, 392, 34 A.2d 633; *Andrews* v. *Cox,* 129 Conn. 475, 478, 29 A.2d 587; *Tyler* v. *Darien,* 115 Conn. 611, 618, 162 A. 837. It is obvious that the court did not apply the proper measure of damages in these cases. Although the trier is the final judge of the credibility of witnesses and of the weight to be given to their testimony and it is its prerogative to determine what expert testimony it will accept, the exercise of these prerogatives is reviewable when it is apparent that the court has misapplied or overlooked, or given a wrong or improper effect to, some test or consideration which it was its duty to regard. *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641. It is unnecessary to consider the remaining assignments of error although we do note several inconsistencies in the finding relevant to the extent of the strip of land taken for widening the highway.

There is error, the judgment in each case is set aside and a new trial is ordered.

In this opinion the other judges concurred.