[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By an appeal dated May 1, 1998 and filed May 11, 1998, Everett H. Wilson, Trustee of the Revocable Trust Agreement of Everett H. Wilson, and Everett H. Wilson and Diane W. Smith, Trustees of the Revocable Trust Agreement of Esther D. Wilson (Everett H. Wilson et al) are appealing from an Assessment of Damages dated and filed December 5, 1997, by the Commissioner of Transportation (the Commissioner), pursuant to the provisions of General Statutes § 13a-73(b) and (c). In that Assessment of Damages, the Commissioner determined that $1800 is the compensation that should be paid to Everett H. Wilson et al for interests that the Commissioner acquired by condemnation in portions of the land of Everett H. Wilson et al in Somers. In their appeal, Everett H. Wilson et al allege that compensation of $1800 is inadequate. The appeal has been referred to me, as judge trial referee, for a hearing and judgment.[1]
In the course of the hearing of this appeal, the court heard testimony and received a report from the appraiser for Everett H. Wilson et al and heard testimony and received a report from the appraiser for the Commissioner. The court also had the benefit of viewing the premises and their vicinity, of a trial brief submitted by counsel for Everett H. Wilson et al, and of oral argument by counsel for each of the parties.
 I
The land of Everett H. Wilson et al in which the Commissioner acquired interests is located at the intersection of primarily north-south Hampden Road with primarily east-west Stafford Road. The land at the four corners of the intersection is shown on a map entered in evidence as Exhibit 2. This exhibit is hereby incorporated by reference and made part of this Memorandum of Decision. The interests that the Commissioner acquired consist of CT Page 11740 the following four easements:
 A full and perpetual easement to slope for the safety of the highway and remove, use or retain excavated material within an area of 5,624 square feet, more or less, located between and opposite approximate Stations 9+999 and 10+097 left, Base Line, Present Hampden Road, as more particularly shown on said map.
 A full perpetual drainage right of way easement within an area of 233 square feet, more or less, located between and opposite Station 9+873 and approximate station 9+881 left, Base Line, Present Hampden Road, as more particularly shown on said map.
 A full and perpetual drainage right of way easement within an area of 154 square feet, more or less, located between and opposite Station 20+064 and approximate station 20+071 right, Base Line, Present Stafford Road, as more particularly shown on said map.
 A full and perpetual drainage right of way easement within an area of 154 square feet, more or less, located between and opposite Station 19+906 and approximate station 19+920 right, Base Line, Present Stafford Road, as more particularly shown on said map.
The first of the above easements encumbered that portion of the land of Everett H. Wilson et al at the northwest corner of the Hampden Road-Stafford Road intersection; the second, at the southwest corner; the third and fourth, at the southeast corner. In this Memorandum of Decision, the portion of land at the northwest corner will be referred to as Portion NW.
 II
The area of Portion NW encumbered by the first easement is triangular. The line that is the base of the triangle is also the southerly line of the encumbered area and is also the northerly street line of Stafford Road. That street line and the base line of the triangle intersect with the westerly highway line of Hampden Road. On Exhibit 2, a coiled-line symbol for a "tree line" (see insert "Traverse Point #6" on Exhibit 2) runs along the boundary line formed by Stafford Road and the base line of CT Page 11741 the triangle. Because testimony varied about trees at the base of the triangle, the court notes that at the base of the triangle the coiled-line is entirely within the encumbered area.
Portion NW is in a rural area. It consists of about 7.3 acres. Both appraisers used the Sales Comparison Approach for appraising Portion NW. The highest and best use of the land is its present use, i.e. for purposes of residence and related other structures. Everett H. Wilson et al are not claiming compensation for the residence and related other structures. Accordingly, this Memorandum of Decision will consider only compensation for taking interests in land.
 III
"Where . . . an easement is taken by eminent domain, the general rule is that the damages are the difference between the market value of the whole tract as it was before the taking and its market value after the taking." Northeastern Gas Transmission
v. Tersana Acres. Inc., 144 Conn. 509, 513, 134 A.2d 253 (1957). "Market value" is sometimes referred to as "fair market value" and means "that price that a willing seller and a willing buyer would agree upon following fair negotiations . . ." Tandet v.Urban Redevelopment Commission, 179 Conn. 293, 299, 426 A.2d 280
(1979).
The appraiser for Everett H. Wilson et al found the before-value of Portion NW to be $200,000 and the after-value to be $188,700, a difference of $11,300. In his calculations, he assumed the before-area of Portion NW to be 319,730 square feet. From that before-area, he deducted 5624 square feet, the area of the first easement, and then reduced the area of Portion NW to 314,106 square feet. To determine the after-value, he multiplied the 5,624 square feet by $2.00, yielding the product of $11,248, which he rounded to $11,300.
For two reasons, that series of calculations is of little assistance to the court when it applies the before-and-after rule. First, the calculations do not recognize that Everett H. Wilson et al retain a valuable fee simple interest in the easement area. As the court in Alemany v. Commissioner ofTransportation, 215 Conn. 437, 442, 576 A.2d 503 (1990) said of an owner who retains the fee simple interest in easement-encumbered property, "[He] has retained substantial beneficial rights to the property . . . [He] can make full use of CT Page 11742 the easement area for this own purposes, provided those uses are not inconsistent with the [Commissioner's] easement."
Second, the before-and-after rule is not being followed when the damages are computed by measuring the amount of land taken and then multiplying the amount of land taken by an applied square foot value. Gontarz v. Berlin, 154 Conn. 695, 697,229 A.2d 29 (1967). Although Gontarz is a fee simple-taking-case, the principle of that case applies to an easement-taking case because the same before-and-after rule of damages is the proper measure of damages in both cases.
 IV
The appraiser for the Commissioner appraised only Portion NW. He used "oversized building lots" for his sales comparisons. After making adjustments for differences, he found "before" comparatives in the $95,000 to $100,000 range and "after" comparatives in the $93,200 to $98,200 range. His opinion is that, as of the taking day, the "before" fair value of Portion NW is $100,000 and the "after" fair value is $98,200, a difference of $1800.
In evaluating that opinion of the appraiser for the Commissioner, the court must consider and resolve an important issue of fact that developed during the hearing, namely in exercising his rights under the easement did the Commissioner cut down trees that were within the easement area. The court is of the opinion, and finds, that that question has to be answered in the affirmative.
The court has previously noted that the symbol for the "tree line" clearly extends across the entire width of the easement area. Further, although Exhibit C shows a tree line within Stafford Road westerly of the easement area, no part of the tree line is in Stafford Road southerly of the easement area. Finally, the court finds credible the testimony at the hearing that there were trees at the south end of the easement area before the Commissioner had taken the easements. On July 29, 1999, the day of the hearing and the day the court viewed the premises, there were no trees at the south end of the easement area.
Although, in a reconciliation "apportionment," the appraiser for the Commissioner allocated $350 of the $1800 to "Natural Vegetative Screen," the appraiser for the Commissioner did not CT Page 11743 make any allocation for the trees that had been cut down. The court is of the opinion and finds that $1800 is inadequate compensation because it does not include any compensation for the trees. After viewing the premises, reviewing the evidence and considering the reports of the appraisers, the court finds the "before value" of Portion NW to be $100,000 and the "after value" of Portion NW to be $97,050, and that, consequently, as a result of the taking by the Commissioner, Everett H. Wilson et al sustained damages of $2950.
 V
As of the date of the hearing, Everett H. Wilson et al had not withdrawn from the office of the clerk the $1800 that the Commissioner had deposited with the clerk. Inasmuch as the deposit could have been withdrawn under the provisions of General Statutes § 48-11, Everett H. Wilson et al are not entitled to interest on the $1800. The parties made no claim and introduced no evidence concerning the rate of interest to be paid on the excess of $1150 over the $1800, and the court, therefore, pursuant to the provisions of General Statutes § 37-3(c), makes no finding as to the rate of interest to be paid on the excess.
 VI
Neither Everett H. Wilson et al or the appraiser for Everett H. Wilson et al made any claim for, or introduced any evidence concerning, appraisal fees. Consequently, the court makes no award of appraisal fees. The court notes that the appraiser for Everett H. Wilson et al had made an appraisal of the same property in connection with another matter.
 VII
Judgment may enter for Everett H. Wilson, Trustee of the Revocable Trust Agreement of Everett H. Wilson, and Everett H. Wilson and Diane W. Smith, Trustees of the Revocable Trust Agreement of Esther D. Wilson, in the amount of $2950, less the amount of $1800 previously deposited with the clerk of the court, a net amount of $1150, together with interest on the excess of $1150, at a rate determined by the provisions of General Statutes § 37-3(c), from December 5, 1997, to the date of payment.
RUBINOW, J. CT Page 11744