[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 12990 ON DEFENDANT'S MOTION FOR RECONSIDERATION
Defendant's first legal claim raised in their motion is that severance damages cannot be predicated upon a presumption that the highway project was negligently designed and the misdesign of the project will case (sic) a loss in the fair market value of the remainder of the plaintiff's land. (Plunske v. Wood, 171 Conn. 280, 284 (1976)).
This unilateral conclusion by defendant is not well founded. The Memorandum of Decision on pages 7 and 8 state the facts of expected increased rate of flow and resulting overburdening that are elements to be considered in determining before and after fair market value.
This court is to reassess damages caused by the taking, if any. If yes, reassess reasonable damages.
The second legal claim is that the Memorandum of Decision must spell out the factual findings which the court used to determine contested issues. Section 64-1 P.B.
All evidence of elements considered credible in determining fair market value before and after the taking are admissible.
The court accepted the opinion of plaintiff's appraiser of fair market value before and after the taking on June 26, 1986 as stated on page 6 of its Memorandum of Decision.
The court in its search for just compensation for the property taken relied heavily on the Mulready Report and Dr. Smith's testimony. It is the court's prerogative to determine what expert testimony it accepts.
All evidence of elements in the after the taking market value are admissible and may be considered in determining the taking before and after fair market value.
The computation of correct before and after fair market values found by the court are:
 $1,876,000 Before 1,176,000 After 700,000 Damages
"The court is limited by General Statutes § 13a-76 to reassessing damages caused by the taking." Wakeman v. Commissioner ofCT Page 12991Transportation, 177 Conn. 432, 439 (1979).
The principal legal claim in this motion is whether the method used in reassessing damages are within the strictures of General Statutes §13a-76 which required the court to "make such reassessment of such damages." (Wakeman page 439).
In the present case only part of the "whole tract" was taken. The rule for measuring such damages is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained thereafter, taking into consideration the changes contemplated in the improvement and those so possible of occurrence in the future that they may reasonably be held to affect market value. Also to be considered are any and all damages which will foreseeable follow from the proper construction of the project, including any damage to the remainder which are a necessary, natured and proximate result of the taking. (Wakeman page 439).
The decision on just compensation of damages found and arrived at by the court are its own conclusions. The court found value of the entire tract by weighing the testimony and reports of both appraisers, the claim of the parties in light of all the circumstances in evidence bearing on before and after value and his own general knowledge of the elements going to establish value. No single method of valuation controls, and the court is entitled to select the most appropriate one supporting the conclusions reached by him and supported by the Mulready Report and Dr. Smith's testimony and evidence.
The Mulready Report and the evidence and testimony of Mr. Khalid Jamil concerning the increased drainage and lagoon overburdening support the conclusion that these factors affect market value after the taking.
The court reduced the damages suggested by the Mulready report from $804,000 to $700,000 after the taking as a reflection of its general determination as to reasonable damages.
Mr. Mulready considered reports of other witnesses (Smardin, Smith and Taylor) to be integral and part of his report and included them in the attachments and appendices of his report. His opinion is that their reports reflect their diminution in value and support his personal judgment.
The third legal claim is that Mr. Mulready used a direct damage approach where the case law required a before and after value be employed. The court's decision relied on the comprehension and thoughtful Mulready report and the Gontarz v. Berlin, 154 Conn. 695, 697 (1967). The CT Page 12992 elements employed use the before and after value of the whole tract.
The before and after figures and total claimed damage stated on page 6 of the decision have been adjusted by the court and reflect its own general knowledge of fair and reasonable damages. The nub or gist is that the $700,000 less the payment of $166,000 paid reflects the court's award of $534,000 plus legal interest and awarded appraisal fees as stated.
A judge trial referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is an arbiter charged by the General Statutes and the decisions of our courts with the duty of making an independent determination of value and fair compensation in the light of all circumstances, the evidence, his general knowledge and his viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383, 388
(1989); Birnbaum v. Ives, 163 Conn. 12, 21-22 (1972); Feigenbaum v.Waterbury, 20 Conn. App. 118, 153 (1989). It is his task to reach a result that gives the plaintiff, as nearly as possible, a fair equivalent in money as just compensation for the property taken. Mathis v.Redevelopment Agency. 165 Conn. 622. 623 (1973) Feigenbaum v. Waterbury,
supra, 153-54. See Hunt v. Burns, 1991 WL 28061 (Conn.Super. 1991).
It is the conclusion of the court that the opinions of experts approach is the most appropriate methodology for estimating the market value of the entire tract of subject property before and after the taking and after viewing the entire site of the subject property, nearby commercial and residential area, and after giving due consideration to the opinions of all the expert witnesses and to my knowledge of the elements that establish value, I find that the before taking value of the subject property was $1,871,000, and that the after taking value was $1,171,000. Damages are assessed at $700,000.
Judgment may enter as stated in the decision dated July 13, 2000.
John N. Reynolds Judge Trial Referee