[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Appellant, Cynthia Heye, appeals the Connecticut Department of Transportation's award of $1,250.00 to her per the condemnation certificate filed by the state with this court and part of the court's file for an allegedly nominal value taking of 282 square foot site line easement and a 1, 604 square foot slope easement adjacent to Route 156 in Lyme, Connecticut.
The property subject to this appeal owned by appellant is approximately 7.5 acres fronting the west side of Route 156 and the north side of Joshua Town Road in Lyme, Connecticut. The rear boundary line extends to the middle of Eight Mile River, becoming Hamburg Cove near the southwest corner of the appellant's property. The residence, per the map filed by the Department, was at least 92 feet from the edge of the undeveloped and heavily forrested area along the edge of Route 156 prior to the take.
At trial, the appellant produced evidence documenting that the Department of Transportation, in taking a new slope and site line created a steep bank without elevating the grade of the edge of the appellant's lawn. Several trees and a stone wall bounding the premises were removed by the state. The appellant claims that the taking resulted in severe increase in noise levels within the residence from traffic and also created visual exposure of the residence and grounds abutting it to Route 156 traffic. The appellant's appraiser, James Blair, testified that the reasonable market value of said property was $450,000.00, and that as a result of the sound and noise levels, visual impact and elimination of protection from the residence represented a reduction in value to $415,000.00 and he estimated the damage, therefore, of the taking to be $35,000.00.
The appellant produced evidence to the effect that the appraiser for the state, Michael Corrazzelli, acknowledged that he had neither examined the residence situated on the property nor entered into it. He used as comparables properties situated on private roads, not on any body of CT Page 15837 water, the gross acreage of which properties he did not calculate. He did not consider any differential in value of the subject tract compared to comparables based on the fact that the locus was on the Eight Mile River, whereas the comparable properties were not. He did not consider the values of abutting properties on Hamburg Cove in determining his valuation. Mr. Corrazzelli testified that the value before the taking was $101,000 and after the taking was $99,718.00 or estimated damage of $1,282.00 rounded out to $1,300.00.
The appellant claims that she is entitled to damages for the increase in noise and disruption. Stating that Connecticut Condemnation Law has long provided that the collateral impact incidental to the taking of property for public roadways and other public purposes is a matter of just compensation to the condemnee. Alemany v. Commissioner ofTransportation, 215 Conn. 437, 444 (1990); Commissioner of Transportationv. Shea, 47 Conn. Sup. 418, 443-445 (Conn.Super. 2002).
The appellant also claims that the state did not accurately define the plaintiffs prior boundary and acquired more than its map shows. The premises taken in this condemnation by the state are defined by its map (Ex. 3), which is the only description of the take and incorporated by reference into its Certificate of Taking on file with the court. However, the state map clearly disclaimed the extent of the area condemned to wit:
 "The property and street lines depicted have been compiled from various sources and are not to be construed as necessarily being obtained as the result of a field survey, nor do they represent a property/boundary opinion." (Plaintiff's Ex. 3.)
The map used as the basis for the state's description of the property in the Condemnation Certificate, is thus not, definitive as to the total quantity of land of appellant's taking by the state and of no greater value than the information that it is based on, which information was not provided to this court. Medway v. Shonek, 1992 WL 156142 at fn. 14 (Conn.Super. 1992). At best it is a compilation of unsubstantiated facts not presented in evidence. It is well-settled Connecticut property law that monuments in the field prevail over courses and distances when the precise boundary of a parcel is unknown. Mackie v. Hull, 69 Conn. App. 538,543-44 (Conn.App. 2002).
Heye testified that her residence was constructed in approximately 1850. A photograph taken in approximately 1900 submitted to this court (Plaintiff's Ex. 5) demonstrates that the wall abutting the property, CT Page 15838 demolished in the course of the state's activity and depicted on the state's map, antedated the construction of Route 156.
When the state condemned appellant's property subject to this appeal, the only monument between the CHD's on the map was a stone wall separating 156 and the appellant's property.
Almost all of that wall has been removed by the state in its claimed taking.
Despite the fact that the state's map recites that it does not define a boundary line nor is it an opinion as to boundary, the state failed to provide any evidence refuting appellant's evidence that the stone wall boundary shown in the 1900 photograph and the photographs taken of the site prior to the state's construction work were appellant's actual property boundary prior to this condemnation.
The appellant claims she is entitled to the fair compensation for the trees removed. Blair testified that the trees on the property were of a value of approximately $2,500.00 each to replace. The appellant requests that that be added to the amount of damages incurred. She claims that the value of the trees, thus computed, is $175,000. CT Page 15839
The court must disagree with this claim. The court finds that the value of the trees is represented by a reduction in value of the property not the cost to replace the trees. The court, therefore, rejects this claim. "The proper measure of damages is the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter." Northeastern Gas Transmission Co. v.Ehrhorn, 145 Conn. 83, 86 (1958); Gontarz v. Berlin, 154 Conn. 695
(1967). It was error for the trial court to award as damages the value of the individual trees removed. Gontarz, supra, p. 698.
The court finds that the comparable properties reviewed by the state were not comparable because they were not waterfront properties were not situated on the Eight Mile River, nor were they proximate to Hamburg Cove, an area where appellant's expert testified values reached $1,000,000.00 per acre or more. Thus the raw square foot value for those three comparables involved in the state's appraisal was wholly inadequate. Accordingly, the court finds that when fairly viewed, considering the loss of privacy and the noise, the court believes that the estimated loss of value, as established by Mr. Blair, of $35,000.00 is an appropriate amount to be awarded to the appellant.
 ___________________ D. Michael Hurley, JTR
CT Page 15840