### F. FRANCIS D'ADDARIO *v.* COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 15—decision released December 28, 1976

*William A. McQueeney,* assistant attorney general, with whom were *Kenneth N. Tedford,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Frank W. Murphy,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellee (plaintiff).

BOGDANSKI, J. This is an appeal by the defendant commissioner of transportation from the judgment of a state referee, who, exercising the powers of the Superior Court, reassessed the damages resulting from the condemnation of a portion of the

plaintiff's property. Error has been assigned in the finding, in rulings on evidence, in the overruling of claims of law, and in the conclusions reached.

The following facts were found: Prior to May 25, 1973, the plaintiff was the owner of approximately 3.6 acres of land located in a low-lying section of the town of Fairfield between the Connecticut Turnpike and Long Island Sound. On that date the defendant took from the plaintiff by way of eminent domain two drainage rights-of-way and an easement to install a chain link fence for a project to drain Turney's Creek and assessed damages at $3600. The purpose of that taking and others above and below the plaintiff's land was to control drainage from an area north of the Connecticut Turnpike and the Penn-Central railroad tracks and channel it through a series of open channels, box culverts, pipes and siphons to a point in Long Island Sound. The entire project covered an area about a mile in length with most of the work involved lying outside the area of the plaintiff's property. The construction of the entire project was to be performed in 780 days and included three box culverts and considerable sanitary sewer work.

Legal access to the plaintiff's land was over a driveway approximately sixty-five feet wide. One of the drainage rights taken from the plaintiff was for the purpose of enlarging the channel of Turney's Creek and involved the construction of a box culvert across that accessway to the plaintiff's land. No other access was available because of the elevation of the state highway next to the property. At the time of the taking and for twenty-five years prior thereto the plaintiff's property was undeveloped.

The trial court concluded that the value of the plaintiff's property before the taking was $345,000

and that "[t]he value of the land taken for the drainage rights of way . . . [was] $18,700.00." He further found that because of the construction work across the driveway and its delayed completion, the plaintiff would be deprived of access to and use of his property for a period of two years; and that that deprivation amounted to a taking of a constructive easement by the state over the plaintiff's property. He then found that that easement was reasonably worth $34,500 and that the value of the property after the taking was $291,800.

The state is not contesting the reassessment from $3600 to $18,700 for the two drainage rights-of-way and the right to erect the chain link fence. The present controversy arises from the claims of the state that there is no basis in the eminent domain law of this state for the award of $34,500 for the purported two-year constructive easement, and that there is no evidence to support a finding that it would take two years to install a sixty-five foot box culvert across the plaintiff's driveway. The state contends that the trial court erred in reaching (1) the conclusion that the plaintiff would be deprived of the use of his land for two years during the installation of the box culvert; (2) the conclusion that the denial of access constituted a constructive easement; and (3) the conclusion that an award of $34,500 for that easement was appropriate.

When only a part of a tract of land is taken for the public use, "just compensation" includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. *Bowen* v. *Ives*, 171 Conn. 231, 238, 368 A.2d 82; *Meriden* v. *Highway Commissioner*, 169 Conn. 655, 659, 363 A.2d 1094. "The ordinary

rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." *Lefebvre* v. *Cox,* 129 Conn. 262, 265, 28 A.2d 5. The court should consider any and all damages which will foreseeably follow from the proper construction of the project, including any damage to the remainder which is a necessary, natural and proximate result of the taking. *Budney* v. *Ives,* 156 Conn. 83, 88, 239 A.2d 482. The use to be made of the land taken is to be considered with regard to its effect on the remaining land, and the fact that injuries are caused by the construction activities of the contractor is not a bar to recovery so long as the damages foreseeably follow such construction activities and are a necessary, natural and proximate result of the taking. See *Bowen* v. *Ives,* supra; *Andrews* v. *Cox,* 127 Conn. 455, 458, 17 A.2d 507. Since, however, a condemnation proceeding is limited under § 13a-76 of the General Statutes to a reassessment of damages caused by the taking, injuries resulting from the negligence of the contractor are ordinarily not recoverable in such a proceeding. The owner is relegated to an independent proceeding. *Plunske* v. *Wood,* 171 Conn. 280, 284, 370 A.2d 920; 4A Nichols, Eminent Domain (3d Ed.) § 14.245[1]; see *Clark* v. *Cox,* 134 Conn. 226, 234, 56 A.2d 512.

The trial court's findings are in crucial respects deficient and do not support the conclusion of a damage loss of $34,500. In arriving at that figure,

the trial court apparently adopted the view that the denial of access for two years caused a substantial loss in the value of the plaintiff's property. The sole finding made by the court with respect to that value, however, was that "[i]t was the opinion of the plaintiff's appraiser that the after-value [of the property] of $380,000.00 would have to be discounted on the basis of ten percent per annum until full ingress and egress could be achieved. This would be at the rate of $38,000.00 per year." That general statement, standing alone, can hardly be said to support the court's monetary award. For if that formula were to be applied to the court's own valuation of the property after the taking, namely $291,800, the 10 percent annual discount for a two-year period would amount to $58,360, a figure that does not correspond with the damage actually found.

Moreover, the trial court failed to find that the damages were a foreseeable, necessary, natural and proximate result of the taking. Such a finding is particularly required where as here the plaintiff sought an award of damages not arising directly from the taking but rather as a consequence of it.

Because the court failed to find that the constructive easement was the foreseeable, necessary, natural and proximate result of the taking, and because the finding fails to support the damage award reached, the judgment cannot stand.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.