[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Eleftherios Hatzilambros and Stratos Hatzilambros from the assessment of damages in the amount of $28,600 paid by the defendant for the partial taking by eminent domain, on September 10, 1993, of their property situated on the northeasterly side of and known as No. 1298 Blue Hills Avenue, State Highway Route 187, at its intersection with Old Windsor Road, State Highway Route 305, in the Town of Bloomfield, pursuant to General Statutes Section 13a-73(b), for the layout, alteration, extension, widening, change of grade and improvement of the highway known as Blue Hills Avenue, Route 187.
Said premises taken are more particularly bounded and described as follows: Southwesterly by present Blue Hills Avenue, Route 187, 200 feet, being the entire frontage of the plaintiffs' property; Northwesterly by present Old Windsor Road, Route 305, 50 feet; Easterly and Northeasterly by the plaintiffs' remaining land, a total distance of 218 feet, +/-, by a line designated "Taking Line," as shown on the map hereinafter referred to; and Southeasterly by land n/o/f/o Frank Sponzo, 9 feet, +/-.
Said parcel contains an area of 0.059 of an acre, +/-, together with all appurtenances, all of which more particularly appear on a map entitled: "TOWN OF BLOOMFIELD, MAP SHOWING LAND ACQUIRED FROM ELEFTHERIOS HATZILAMBROS ET AL BY THE STATE OF CONNECTICUT, WIDENING OF CONN. ROUTE 187, SCALE 1"=40', APRIL 28, 1992, DEPT. OF TRANSPORTATION, BUREAU OF ENGINEERING AND HIGHWAY OPERATIONS, REVISED 5-10-93 (11-139-003)."
Said premises were taken together with the following easement and rights on portions of the Owners' remaining land:
1. A full and perpetual easement to slope for the safety of the highway Route 187, and remove, use or retain excavated material within an area of 20 square feet, +/-, as more particularly shown on said map.
2. A right to construct a driveway within an area of 0.010 of an acre, +/-, on Route 187 and on Route 305, as more particularly shown on said map.
3. A right to grade within an area of 0.014 of an acre, +/-, and located along Route 187 and along Route 305, as more particularly shown on said map. CT Page 8851
The aforesaid two rights shall terminate automatically upon completion of the work by the State.
The plaintiffs' property is located in the northeasterly section of the town about two miles distant from the center. It is zoned Industrial — 2 and is located in the North Bloomfield Industrial Area at the southeast corner of the intersection of State Routes 187 and 305, both of which are well traveled highways serving the industrial and commercial enterprises in the area. Before the taking the subject area was 0.92 of an acre, being 200 feet by 200 feet, or 40,000 square feet, the minimum required area for its zone. After the taking of 0.059 of an acre, the lot size was reduced to 0.861 of an acre and thereby became nonconforming.
The subject property is at street grade and level. A one-story frame restaurant building containing a floor area of 2445 square feet is located on a diagonal line between the two intersecting highways in the approximate center of the property. An amesited parking lot for 52 cars was reduced to 50 cars, the minimum required under the zoning regulations, by the taking. Because of its location, the restaurant is accessed principally by vehicles. There is no pedestrian traffic in the vicinity. Parking, therefore, is very important to the operation of the plaintiffs' restaurant business. In the words of the defendant's appraiser, "parking for this type of restaurant is the `life blood' of the business." There is no land available on the premises remaining after the taking for the replacement of the two lost parking spaces.
The building was not adversely affected by the taking. All public utilities are, available and were unaffected by the taking. Improvements in the taking area along the Blue Hills Avenue frontage of 200 feet, as well as in the triangular area formed by the western 50 feet frontage along Old Windsor Road, however, were affected. These include a sign and base with a 15 foot post set in concrete containing electrical wiring. In addition, there are several trees and bushes and an extremely well manicured lawn in this area. There are also 3 inground sprinkler heads, 44 linear feet of curbing and 528 square feet of paving for the driveway and parking. A right to reconstruct the two highway access driveways was acquired, together with a right to grade and a permanent easement to slope for the safety of the highway, with retention of excavated material. CT Page 8852
As noted earlier, the taking resulted in a non-conforming land area. Before the taking, the subject property had 40,000 square feet, meeting the minimum requirement in the zone. After the taking the land area consisted of 37,418 square feet. A land area variance has been granted by the Zoning Board of Appeals upon application of the State. In the event of loss of the building by some disaster in the future, the owners will be limited to use, replacement, time and other zoning restrictions pertaining to non-conforming uses and structures.
Both parties are in agreement, and the court so finds, that the highest and best use of the subject property is for the continuation of its present use as a restaurant.
The plaintiffs' appraiser, Peter R. Marsele, utilized the market sales approach to estimate the fair market value of the plaintiffs' land before the taking. Although the restaurant building was not affected by the taking, he estimated the value of the building as a component of the total value of the subject property before and after the taking. For this purpose he utilized the Marshall Valuation Service for its segregated cost, and estimated the value of the building before and after the taking to be $162,000.
Damages due to the taking were estimated solely by the market analysis of two comparable sales of land located in Bloomfield and zoned for business, including restaurants. The first comparable sale was located on Tunxis Avenue and sold for $400,000, or $9.46 per square foot, on October 12, 1990. With adjustments, this sale indicated that the value of the subject land before taking was $9.46 per square foot. The second comparable sale was located on the corner of Blue Hills Avenue and Park Avenue, about one mile south of the plaintiffs' property. This parcel sold on February 26, 1990 for $112,500, or $5.12 per square foot. Based on his adjustments to this price, the sale indicated the value of the subject land before taking was $7.17 per square foot.
From this market analysis, the plaintiffs' appraiser estimated the fair market value of the subject land to be $8.00 per square foot for a total land valuation before the taking of $320,000. The improvements in the subject property before the taking were valued as follows: amesite — $30,000; sprinklers — $3000; landscaping — $15,000; and sign — $2000, making the total land value before the taking $370,000. Combined with the CT Page 8853 building valuation, the total property value before the taking was $532,000.
The same comparable land sales were utilized in determining the after taking value of the land. The adjustments he made in this instance, however, reduced the indicated value of the subject property to $8.51 and $6.71 per square foot, respectively. From these calculations he estimated the fair market value of the remaining land to be $7.00 per square foot, for a total of $262,000. The remaining improvements he estimated at $40,800, for a total land value after the taking of $302,800. Adding to this the unchanged building value of $162,000, he estimated the total property value after the taking to be $464,800. Total damages, therefore, based on the loss in land value, was estimated to be $67,200.
The defendant's appraiser, an in-house employee of the Department of Transportation, made two appraisals. Since the building was not affected by the condemnation of the land, he assigned a value of "X' to it on both occasions. The first appraisal was made on January 22, 1993. After analyzing three sales of land in Bloomfield, he estimated the subject property land value to be $115,000 per acre, or a total value of $105,800 for the original 0.92 of an acre, plus "X". To this he added the following valuations for improvements in the taking area: trees, shrubs, and grass — $3000; depreciated cost of sprinkler heads — $270; depreciated cost of curbing — $281; depreciated cost of pavement — $844; depreciated cost of sign base, post and wiring — $791; cap on sprinkler system — $500; and loss of two parking spaces — $16,100. The value of the subject property before the taking based on these components was found to be $127,586, rounded to $127,600, plux [plus] "X".
To value the loss of two parking spaces, the defendant's appraiser went to Hartford for comparable values, since no rental parking spaces were found in Bloomfield. Based on this survey, he estimated the rental of one parking space at $70 per month, or $1680 per year for two spaces. Capitalized at the rate of 0.1045, he estimated the loss of parking in perpetuity to be $16,100.
The land remaining after the taking, 0.861 of an acre, was valued at $99,015, plus $42 for the encumbered land, for a total valuation of the subject land of $99,000, rounded, plus "X". The damages due to the taking were itemized as follows; fee to 0.059 CT Page 8854 of an acre — $6785; sign base, post and wiring — $791; sprinkler heads (3) — $270; curbing (44 LF) — $281; pavement (528 SF) — $844; trees, shrubs and grass — $3000; loss of parking spaces) $16,100; capping of sprinkler system — $500; and easement (20 SF) — $11; total damages — $28,582; rounded to $28,600, being the amount of damages paid to the plaintiffs at the time of taking on September 10, 1993.
A second appraisal of the subject property was made by the defendant's appraiser as of the taking date. On this occasion, the appraiser reduced the valuation of some of the improvements in the taking area. The components of his summary of damages were reduced accordingly to a total of $27,250, rounded. The before taking value of the subject premises at this later date he estimated to be $126,250, rounded, plus "X", and the after taking value be $99,000, rounded, plus "X", resulting in damages due to the taking of $27,250.
Both of the defendant's appraisals were based on the defendant's contemplated relocation of the plaintiffs' electrical business sign. Before the taking, however, the defendant on May 10, 1993, removed the relocation of the sign from the scope of this condemnation and provided for its taking instead. In testimony, the defendant's appraiser accepted the plaintiffs' $2000 valuation of the sign before its loss on removal, this being in addition to his previous findings of damage due to the taking made on January 22, 1993, and September 10, 1993.
"When only a part of a tract is taken for the public use, `just compensation' includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. Bowen v. Ives, 171 Conn. 231, 238, 368 A.2d 82;Meriden v. Highway Commissioner, 169 Conn. 655, 659,363 A.2d 1094. `The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value.' Lefebrve v.Cox, 129 Conn. 262, 265, 28 A.2d 5 [1942]. The court should consider any and all damages which will foreseeably follow from the proper consideration of the project, including any damage to the remainder which is a necessary, natural and proximate result CT Page 8855 of the taking. Budney v. Ives, 156 Conn. 83, 88, 239 A.2d 482."D"Addario v. Commissioner of Transportation, 172 Conn. 182,184-5, 374 A.2d 163 (1976); Darling v. Waterford, 7 Conn. App. 485,486 (1986).
The elements of the plaintiffs' damages due to the taking on September 10, 1993, are: (1) the loss of fee to about 0.059 of an acre along the entire 200 feet of the property frontage on Blue Hills Avenue, Route 187, for a depth of about 9 feet, and a triangular section of its intersection with and along 50 feet of the frontage on Old Windsor Road, Route 305; (2) a full and perpetual easement to slope for the safety of the highway within an area of about 20 square feet at the southwesterly corner of the plaintiffs' property, and to remove, use or retain excavated material; (3) the removal and loss of an electrical business highway sign with its concrete base, post and wiring; (4) the loss of decorative trees, shrubs, and lawn; (5) the loss of 3 underground lawn sprinkler heads requiring the capping of the remaining system; (6) the loss of 44 linear feet of curbing; (7) the loss of 528 square feet of pavement; (8) the loss of 2 parking spaces in a vehicular accessible restaurant catering to commercial and business traffic; and (9) the creation of a non-conforming land area, for which the State has obtained at its cost the necessary zoning variance, by a reduction from the minimum required land area of 40,000 square feet to 37,418 square feet, and subjecting the remaining property to possible land and structure limitations under the zoning regulations.
After viewing the site of the subject property, and after giving due consideration to the opinions of expert witnesses and to a knowledge of the elements that establish value, I find that the before taking value of the subject property was $250,000 plus "X", and that the after taking value is $204,575 plus "X". Damages, therefore, are assessed at $45,425.
Judgment may enter for the plaintiffs in the amount of $45,425, less $28,600 already paid to the plaintiffs, or an excess of $16,825, with interest at 10% per annum on such excess from the date of taking to the date of payment, together with costs, a reasonable appraisal fee having been the plaintiffs' appraiser.
William C. Bieluch State Trial Referee CT Page 8856