[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant (hereafter "Swartz") filed an appeal from a condemnation award pursuant to an assessment of damages by the Commissioner of Transportation (hereafter "Commissioner"). Swartz alleges that the subject premises, situated on the easterly side of U.S. Route 7, is necessary for the reconstruction and widening of that highway. He continues and recites that the commissioner not only filed a notice of condemnation and assessment of damages with the Superior Court, but also deposited the sum of four hundred fifty-nine thousand ($459,000) dollars as compensation for the damages caused by the taking. He further alleges that he is aggrieved by the Commissioner's assessment because that assessment fails to properly compensate him for the taking of his property and rights. He now seeks the appointment of a "State Referee or three (3) State Referees" so that a reassessment of damages can be made. The Commissioner thereafter filed a motion to strike the complaint.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state of cause of action. Mingachos v.CBS, Inc., 196 Conn. 91, 108. "`[T]he exclusive remedy for nonjoinder of parties is by motion to strike.'" George v. St.CT Page 7945Ann's Church, 182 Conn. 322, 325; Practice Book, Sec. 152.
The Commissioner initially argues that when the subject property was acquired in toto pursuant to the defendant's powers of eminent domain, the property was encumbered by a mortgage. Therefore, he postulates that at the time of the condemnation, Swartz owned nothing more than the equity of redemption. He continues that as owner of the equity of redemption, Swartz cannot obtain a reassessment pursuant to Sec. 13a-76 of the General Statutes[1] of "any portion of the Commissioner's assessment other than the portion which is allocated to the equity of redemption interest." The Commissioner cites CanterburyRealty Co. v. Ives, 153 Conn. 377, 382 in support of that proposition. He then says that despite Swartz owning only the equity of redemption, he (Swartz) has chosen to take this appeal pursuant to Sec. 13a-76 "in which he seeks a reassessment of the special damages for each and every estate in the real property." The Commissioner concludes by stating that if the court "will be required to reassess that portion of the Commissioner's assessment of the special damages which relates to the mortgagee's legal interest in the subject property, then the mortgagee is an omitted necessary party to this condemnation appeal."
Swartz would refute this argument by asserting that the alleged mortgagees released their interests in and to the property and are therefore unnecessary parties to this appeal. He maintains that for a reassessment action pursuant to Sec. 13a-76, his complaint is legally sufficient.
"Necessary parties" have been defined as "`[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.' Shields v. Barrow, [58 U.S. (17 How.) 130, 139, 15 L.Ed. 158
(1854)]. . . .' In short, a party `is necessary' if its presence is absolutely required in order to assure a fair and equitable trial.'"Biro v. Hill, 214 Conn. 1, 5-6, quoting Sturman v. Socha,191 Conn. 1, 6-7. CT Page 7946
Before proceeding to decide this motion, it must be acknowledged that the Commissioner's motion depends upon fads outside the record. It cannot be determined from the face of the pleading whether the subject property is encumbered by a mortgage, as the Commissioner maintains, or whether the alleged mortgagees have had their interests discharged, as Swartz contends.[2] While this court embraces the exception that a speaking motion to strike will not lie where the basis of the motion is a failure to join necessary parties; see e.g., Steierv. Daniels, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 352663 (November 3, 1993, Corradino, J.); where "[e]xtraneous fads may exist which would disclose a deficiency of necessary parties," those facts could not be taken advantage of by motion to strike. Hardy v Scott, 127 Conn. 722,723. However, it simply cannot determine, at this juncture, whether the names of the parties as set forth in Commissioner's motion actually possess a bona fide interest in the subject premises so that their presence is absolutely necessary to demand their inclusion in this action. If, for instance, Swartz' contention has merit, the Commissioner's motion would be moot. Therefore, without question, the motion alleges affirmative matter which here renders it "the equivalent of a `speaking motion to strike'" and is improper. SeeConnecticut State Oil v. Carbone, 36 Conn. Sup. 181, 183. See also Beacon Hill Condominium Association, Inc. v. Town of Beacon,
Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 039725 (December 21, 1992, McGrath, J.) (motion to strike is denied as a "speaking motion to strike" when a plaintiff moves to strike the defenses of the defendant in a tax appeal on the ground that those defenses "are more properly a motion to add the party defendants set forth in schedule A." The names and addresses of each of the 212 individual unit owners were contained in Schedule A). The motion to strike is, accordingly, denied.
The Commissioner has not prejudiced his office by the flawed nature of his motion, however, as certain grounds articulated in that motion require comment by this court. A perusal of the complaint reveals that Swartz has featured the chronology of events leading up to the assessment of damages and then concludes by requesting that "the appointment of a State Referee or three (3) State Referees pursuant to the statutes in such case made and provided, to make a reassessment of the damages on account of said taking, all with regard to the aforesaid highway layout and construction." CT Page 7947
The Commissioner states in his supporting memorandum that Swartz has failed to allege facts that "would enable the Court to reach the conclusion that the Commissioner's assessment was inadequate and the plaintiff has been aggrieved by that assessment." The defendant later theorizes that "the plaintiff has used the words `purportedly' in paragraph one and `alleged' in paragraph four of the complaint to lay the groundwork for a challenge to the property to [sic] the condemnation in the course of the reassessment appeal." The court will address the defendant's claims seriatim.
First, "a condemnation proceeding is limited under Sec. 13a-76
of the General Statutes to a reassessment of damages caused by the taking. . . ." D'Addario v. Commissioner of Transportation,172 Conn. 182, 185, 374 A.2d 163 (1976). By statute, it is the task of the state trial referee and not the court to determine whether the Commissioner's assessment was inadequate. Conversely, this court's review is limited to whether Swartz' allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., supra,196 Conn. 108. The complaint "does not have to plead evidence and need only contain a concise statement of the material facts it relies on." North River Insurance v. U.S. Fidelity GuarantyIns., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 534591 (September 13, 1994, Corradino, J.). Moreover, the facts upon which a plaintiff relies "must fairly apprise the court and the adverse party of the claims to be made." Johnson's Nurseries, Inc. v. Ratick, 32 Conn. Sup. 553,556. Construing the complaint in the light most favorable to the plaintiff; Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215; this court would be constrained to find that the claim is legally insufficient.[3] Additionally, it would be hard to imagine that this arm of the State of Connecticut has not been fairly apprised of the nature of the claim.
Second, the use of the adverb "purportedly" and the adjective "alleged," as read within the context of his complaint, can hardly be interpreted as waging a challenge to the invalidity of the condemnation proceedings, as the Commissioner surmises. At this stage of the cause, the defendant's contention has to be classified as premature and mere conjecture. Even if Swartz' action could be interpreted as challenging, in part, the invalidity of the condemnation proceedings, he would not be foreclosed from seeking a reassessment of the Commissioner's assessment of damages. See Munson v. MacDonald, HighwayCommissioner, 113 Conn. 651, 661. (Based upon a complaint CT Page 7948 improperly joining an action for reassessment of damages with an action sounding in trespass against the highway commissioner, the court held that "because of the nature of the proceedings by the appeal and the impropriety of suing the highway commissioner in his representative capacity, the trial court should not have passed upon the claims stated in this proceeding other than such as are involved in the appeal itself. . . . The effort . . . to pursue an ineffective action based upon the invalidity of the proceedings does not constitute such an election as to prevent his seeking a reassessment by appeal.")
To reiterate, the motion is, accordingly, denied.
Moraghan, J.