[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal (#102) from the assessment of damages and benefits by the Commissioner of Transportation is in two counts. CT Page 16418Count One applies to 58 Voss Road and 60 Voss Road alleging aggrievement as such assessments of damages and benefits are inadequate. Count Two applies to 56 Voss Road which is contiguous with the property identified in Count One. Count Two claims a reassessment of damages and severance damages alleging that the Cambinos held all three units as a single unit.
On the date (September 21, 1999) assigned for trial the Commissioner filed a "Motion in Limine" suggesting that the court exclude evidence of valuation of 56 Voss Road.
The court ruled that both parties submit briefs on their claims of law and the trial commence as scheduled. Neither party objected.
The trial was held. A transcript was ordered. The court and both attorneys visited, viewed and walked about the location. No evidence was presented at the visitation.
On October 29, 1999 defendants filed their reply to the Commissioner's "motion in limine" and their memorandum regarding interest as a proper element of damages.
On November 3, 1999 the Commissioner filed his reply to defendants' reply to the Motion in Limine and regarding interest claims of defendants.
The transcript was filed November 23, 1999.
In Count One of their appeal from assessment of damages and benefits by the plaintiff commissioner, the defendants allege aggrievement because the same is inadequate and they apply for a reassessment thereof and severance damages.
The undersigned was administered the oath mandated by Sec.1-25 Conn. Gen. Stat., heard the evidence and visited the site. The pleadings have been reviewed. The exhibits, briefs and appraisal reports (2) filed by the parties have been examined.
A specific matter involved is to determine the fair market value of the land and improvements described in Exhibit A, and to file a report revising the statement of compensation if that is so concluded.
The taking on December 16, 1998 subject of Count I consists CT Page 16419 of 58 and 60 Voss Road, West Haven, Connecticut in the area of Interstate 95 at exit 42. The premises are necessary for the layout alteration, extension, widening, change of grade or improvement of the highway.
On January 13, 1999 defendants filed their motion for payment of deposit identifying "the premises so taken . . . as situated at 58 Voss Road and 60 Voss Road." (See 101). An attached motion and order for payment of deposit in the sum of $224,000 was granted on March 3, 1999.
The motion in limine anticipates defendants will offer oral testimony of damage to 56 Voss Road as a result of the taking of 58 and 60 Voss Road and prayed for an order excluding evidence of valuation with respect to the land and improvements at 56 Voss Road as alleged in Count Two. Count Two claims damages on a "unity of use" theory. The facts do not support a finding or conclusion that 56 Voss Road suffered any "damage" for a piece of property not part of the taking.
Subject land consists of three separate, distinct and independent pieces or parcels. Each parcel was observed. Each parcel was and is clearly separate and independent as residential rental.
There is no basis for defendants' claim of "unity of use."
There is no evidence that the value of these three separate legal parcels are diminished in any manner. The evidence with respect to 58 and 60 Voss Road controls these values. Their taking has not impaired the usefulness and value of 56 Voss Road.
The facts of this case do not support the claims of defendants' motion.
 "Our law provides for recovery for severance damages where there is a condemnation of a portion of a parcel of land and the remaining land is not taken either by condemnation or in a constitutional sense. Laurel, Inc. v. State, 169 Conn. 195, 205
(1975).
That decision also states that since there was no taking in a constitutional sense the defendants (had) no right of direct action against (the Commissioner), and, consequently, (defendants in this case) are not entitled to any damages for increase CT Page 16420 condemnation claims.
The motion in limine is granted.
Judgment for the Commissioner on Count Two.
The highest and best use of the area is and has been for residential use.
The appropriate indication of fair market value in this case is the comparable sales method. Two appraisers testified and expressed opinion of fair market value.
The condemnee's appraiser valued the property as follows:
58 Voss 60 Voss
Before taking $130,000 $130,000
After taking (0.0) (0.0)
Damages $260,000
The condemnor's appraiser valued the property as follows:
58 Voss 60 Voss
Before taking $134,000 $90,000
Damages $224,000
The sum of $224,000 has been paid in frill.
The condemnor accepts the after the taking value by the condemnee of $134,000 for 58 Voss Road.
The condemnee's after the taking value of 60 Voss Road as recorded in their correction and adjustment to reflect the fair market value of the property after the taking.
 60 Voss Road
1st fl 718 sq. ft. at $85 $65,280
2nd fl 384 sq. ft. at $85 32,640 CT Page 16421
1 1/2 stories 1152 sq. ft. at $85 97,920
Rounded off 60 Voss $98,000
58 Voss 134,000
Total damages $232,000
This adjusted value considered together with the evidence of comparable sales studied reflects a court's finding of the fair market value of the taking of 58 and 60 Voss Road at the taking of $232,000.
The defendants also seek an award for damages, not only directly from the taking, but rather as a consequence of the taking. The court is unable to find that consequential or severance damages are a foreseeable, necessary, natural and foreseeable result of the taking in this case.
Section 13a-76 Conn. Gen. Stat. limits reassessments of damages in condemnation proceedings to damages caused by the taking. D'Addario v. Commissioner of Transportation,172 Conn. 182, 186 (1976).
Conn. Gen. Stat. § 48-11. provides in part:
 "Interest shall not be allowed in any judgment on so much of such amount as has been deposited in said court."
Defendants were aware of the mandate and moved for payment of deposit. (101). An order of payment of deposit entered in the amount of $224,000 on March 14, 1999. That order indicates by two notations "includes interest through March 12, 1999" (101).
The claim for interest on "deposit in court pending determination of amount to be paid" is prohibited.
Section 48-11 concludes:
 "If the compensation finally awarded exceeds the total amount of money so deposited . . . the court shall enter judgment against the state for the amount of the deficiency.
On the law and the evidence, the undersigned judge trial CT Page 16422 referee finds that the defendants Camino family member to be aggrieved and concludes that the fair market value of the subject property as of the date of taking (December 16, 1998) to be $232,000. A total fair market value, as of that date, of $232,000 (Two Hundred Thirty Two Thousand Dollars). The State of Connecticut has paid into the Superior Court the sum of $224,000 (Two Hundred Twenty Four Thousand Dollars) and the defendants have already moved for the payment of that amount and has been paid that amount. Therefore, the balance due the defendants in damages for the taking of December 16, 1998 is $8,000 (Eight Thousand Dollars) plus interest thereon at the reasonable and just rate of 7.5 (seven and a half) per cent per annum from December 16, 1998 to the date of this judgment. See General Statutes § 37-3c.
Judgment for defendants on Count One to recover as above stated. Judgment for plaintiff on Count Two.
John N. Reynolds Judge Trial Referee
 Exhibit A
Said premises consists of land, buildings and improvements situated in the Town of West Haven, County of New Haven and State of Connecticut located on the southwesterly side of Present Voss Road, containing 15,113 square feet, more or less, bounded and described as follows and shown on a map hereinafter referred to:
NORTHEASTERLY — by Present Voss Road, 120 feet, more or less; SOUTHEASTERLY — by land now or formerly of Frank Cambino et al, 106.96 feet; SOUTHWESTERLY — by land now or formerly of Public Storage Properties IX, Inc., 149 feet, more or less; NORTHWESTERLY — by land now or formerly of Son Kim Huynh et al, 123.61 feet, more or less.
For a more particular description of the above-described premises, reference is made to a map to be filed in the West Haven Town Clerk's Office, entitled: "CITY OF WEST HAVEN MAP SHOWING LAND ACQUIRED FROM JOSEPH S. CAMBINO el al BY THE STATE OF CONNECTICUT INTERSTATE 95 EXIT 42 INTERCHANGE IMPROVEMENTS SCALE 1 = 500 JANUARY 1997 JAMES F. BYRNES JR. — TRANSPORTATION CHIEF ENGINEER BUREAU OF ENGINEERING AND HIGHWAY OPERATIONS". Sheet 1 of 1 (156-157-3). This is a total take. CT Page 16423
Said premises stand on record in the names of Joseph S. Cambino and Barbara L. Cambino.