[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
The plaintiff brings this action in two counts. The first count seeks a reassessment of damages pursuant to Conn. Gen. Stat. § 13a-76. The second count alleges a claim of inverse condemnation regarding the remaining portions of the parcels which are not the subject of the statutory taking.
The defendant has filed a motion to strike both counts of the appeal. The Commissioner claims that the first count should be stricken as it claims a loss of business which is not compensable under the law of eminent domain.
However, "when only a part of a tract of land is taken for the public use, just compensation includes recovery for the part taken and recovery for any damages visited on the remainder which result from the taking."D'Addario v. Commissioner of Transportation, 172 Conn. 182,184 (1976). Therefore a claim by the plaintiff that it will suffer a loss of business as a result of the partial taking is relevant to its claim for such "severance" damages. See Alemany v. Commissioner ofTransportation, 215 Conn. 437, 444-445 (1990).
The motion to strike as to the first count is therefore denied.
In the second count, the plaintiff alleges that the taking has "resulted in a loss of use, taking and/or diminution of the fair market value of the commercial fresh seafood processing business of 26 East Industrial Road in that the relocation of the Exit 56 on and off ramps will increase the number of diesel truck and automobile emissions, greatly increasing the amount of pollutants, dust particles and particulate matter into the air causing harmful effects upon plaintiff's fresh seafood operation and destroying the plaintiff's business, or in the alternative, causing the plaintiff to expend sums of money to comply with Federal FDA regulations for remediation and allotment efforts due to CT Page 3598 the increase in said pollutants, dust particles and particulate matter.
"A constitutional taking occurs when there is a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." Textron, Inc. v. Wood,167 Conn. 334, 346 (1974). "There is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose . . . as where the economic utilization of the land is, for all practical purposes, destroyed." Horak v. State,171 Conn. 257, 261 (1976).
In Tamm v. Burns, 222 Conn. 280 (1992) the plaintiff brought an action for inverse condemnation against the Commissioner of Transportation alleging that the state's operation of a truck inspection and weigh station on its property, which is adjacent to his, has caused additional noise, unsightliness and air pollution on his property sufficient to constitute a "taking" under article first, § 11 of the Connecticut Constitution.
The complaint in Tamm alleged that the Commissioner's actions in so utilizing such property diminished the value of the plaintiff's property and made part of the property of the plaintiff unable to be utilized for any reasonable and proper purpose.
The court held "As a matter of law, allegations that the state has exposed the plaintiff's property to unpleasant sights, sounds and vehicle pollutants by its lawful construction of a weigh station do not support the claim of an interference sufficiently grave to be deemed a `taking' in the constitutional sense of even part of that property." Tamm v. Burns, supra, 288.
The plaintiff's claim that its property has been "taken" because of a diminution in value as a result of the Commissioner's action likewise cannot succeed because an owner is not entitled to compensation for the diminution in value of his property resulting from a valid exercise of police power. DeMello v. Plainville,170 Conn. 675, 679 (1976). CT Page 3599
Therefore, the allegations of the second count of the complaint are insufficient to state a cause of action in inverse condemnation. The plaintiff's remedy for the damages alleged is for severance damages as a result of the partial taking for any damages caused to the remainder of its property as a result of that taking.
The motion to strike is therefore denied as to the first count and granted as to the second count.
Bruce W. Thompson, Judge