[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from an assessment of damages.
The land described are as follows:
Said premises are situated in the town of West Haven, County of New Haven and State of Connecticut located on the northerly side of Present Saw Mill Road, Conn. Route 162, containing 602 square feet, more or less, bounded and described as follows and shown on a map hereinafter referred to:
SOUTHERLY — by Present Saw Mill Road, Conn. Route 16, a total distance of 75 feet, more or less;
WESTERLY — by land now or formerly of Voss Associates Limited Partnership, 10 Feet, more or less;
NORTHERLY — by Owner's remaining land, 75 feet, more or less, by a line designated as shown on the map hereinafter referred to; CT Page 5290
EASTERLY — by land now or formerly of Voss Associates Limited Partnership, 6 feet more or less.
Said premises are more particularly delineated on a map entitled: "CITY OF WEST HAVEN MAP SHOWING LAND ACQUIRED FROM JJR, LLC BY THE STATE OF CONNECTICUT INTERSTATE 95 EXIT 42 INTERCHANGE IMPROVEMENTS SCALE 1=500 AUGUST 1998 JAMES F. BYNRES JR. — TRANSPORTATION CHIEF ENGINEER BUREAU OF ENGINEERING AND HIGHWAY OPERATIONS". Sheet 1 of 1 (156-157-10).
The above-described premises are taken subject to such rights and easements as appear of record.
The premises taken herein are portions of the premises contained in a Warranty Deed dated April 1, 1995 and recorded in Volume 1070 at Page 623 of the West Haven Land Records.
Said premises stand on record in the name of JJR, LLC.
The damages were assessed at $6700.
The court viewed the premises on March 1, 2002. The premises did not advertise the premises for sale.
 "The function of the trial court in condemnation cases is to determine as nearly as possible the fair equivalent in money for the property taken. Although the market value of the taken property is ordinarily the most appropriate measure of fair compensation; (Internal quotations marks omitted.) We have long held that other measure may be appropriate when the fair market value measure of damages does not fully compensation the owner. `[T]he question of what is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken.' Colaluca v. Ives, supra."
Alemany v. Commissioner of Transportation, 215 Conn. 437, 444.
"Under our law, a [judge trial] referee sitting as a court on appeals in condemnation cases more that just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes CT Page 5291 and the decision of [the Supreme Court] with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, his general knowledge and his viewing of the premises." (Internal quotation marks omitted). "Minicucci v.Commissioner of Transportation, supra, 211 Conn. 388; Birnbaum v. Ives,163 Conn. 12, 21-22, 301 A.2d 262 (1972); Feigenbaum v. Waterbury,20 Conn. App. 148, 153, 565 A.2d (1989).
 "We have consistently departed from the fair market value measure of damages in cases of partial takings. When only a portion of a party's property is taken, the landowner is entitled not only to compensation for the value of the property taken, but also to severance damages for the diminution in the value of the landowner's remaining property that the severance of a portion of the property causes. To ensure that severance damages are included in the trial court's assessment, damages should be calculated by the "before and after rule," under which "[t]he proper measure of damages is the difference between the market value of "the whole tract' as it lay before the taking and the market value of what remained of it thereafter."
Alemany v. Commissioner of Transportation, 215 Conn. 437, 447. (Internal quotation marks omitted.)
 "The measure of damages is ordinarily the fair market value of the acquired land on the day of taking. Ibid. Where only a part of a tract of land is taken for the public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking. D'Addario v. Commissioner of Transportation, 172 Conn. 182, 184, 374 A.2d 163 (1976). In Lefebvre v. Cox, 129 Conn. 262, 265, 28 A.2d (1942), we stated: "The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." (Emphasis added) See Andrews v. Cox, 127 Conn. 455, 17 A.2d 507
(1941). In determining the market value of the CT Page 5292 remainder after a partial taking we have said that "it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser would pay for the land.' Bowen v. Ives, 171 Conn. 231, 236, 363 A.2d 82 (1976).
Tander v. Urban Development Commission, 179 Conn. 293, 298-99.
 "Severance damages compensate for the diminution in the fair market value of the remainder of the property owner's land, which is both unique to that land and arises as the direct and immediate result of the taking of a portion of the lands by the condemning authority."
Tolland Enterprises v. Commissioner of Transportation, 36 Conn. App. 49,58.
 "The concept of highest and best use, chiefly employed by appraisers as a starting point in estimating the value of real estate, concerns the use that will most likely produce the highest market value, greatest financial return, or the most profit from use of that property. Robinson v. Westport, 222 Conn. 402, 405-406, 610 A.2d 611 (1992). "The questions of the highest and best use of property and of the reasonable probability of a zone change are . . . questions of fact for the trier. . . ."
South Farms Associates, Ltd. Partnership v. Burns, 35 Conn. App. 9, 16.
The parcel taken consists of a piece of land containing 6' x 10'. The present zoning calls for a minimum front yard of 25 feet. Prior to the taking there was a 22 front yard and after the taking, there was approximately 12 feet of front yard. In short, the actual front yard on the house was constructed with a front yard of 22 feet. The yard was non-conforming. Hence § 48-24 is not relevant. "The principle that a plaintiff may rely only on that wherein has been alleged." Matthews v.F.M.C. Corporation, 190 Conn. 700, 705.
The court finds the highest and best use is that of neighborhood business. The defendant's report (Ex. B) states: "All these sales represent the market for commercial lots." (P.2) It utilizes the market approach. CT Page 5293
The net loss is in the land loss and two trees. A loss is drainage R.0.W., sediment control, and construction of a driveway sidewalk. The loss to the owner is as follows:
Land area — 602 sq. ft @ 1200 $7200.00 (rounded)
Tree loss — 2 trees @ $750.00 1500.00
Drainage ROW 1000.00
Sediment Control 1500.00
Construction of driveway and sidewalk (improvement) - 0 -
Total Damages $11,200.00
The plaintiff may recover said loss less the amount of $6700 or $4700, with interest. Plaintiff is allowed $500 and $1000 for the appraiser's report and for court appearances.
Costs are allowed.
Robert P. Burns, Judge Trial Referee
JJR, LLC v. SULLIVAN, No. CV 00 0433568 S (Jun. 11, 2002) JJR, LLC, a Connecticut corporation located in Town of Clinton, County of Middlesex, State of Connecticut v. JAMES F. SULLIVAN, COMMISSIONER OF TRANSPORTATION, 2800 Berlin Turnpike, Newington, Connecticut. No. CV 00 0433568 So. Superior Court Judicial District of New Haven at New Haven. June 11, 2002
 AMENDED MEMORANDUM OF DECISION
BURNS, JUDGE TRIAL REFEREE.
By way of correction, the Memorandum of Decision dated April 25, 2002, as between aforesaid parties is hereby amended as follows:
1. Page 6 is hereby stricken in its entirety.
2. The following is substituted nunc pro tunc therefor:
"The net loss is in the land loss and two trees. A loss is drainage R.O.W., and sediment control. Construction of a driveway and sidewalk is no improvement. The loss to the owner is as follows:
Land area — 602 Sq. ft. @ 1200 (rounded) $7,200.00
Tree loss — 2 trees @ $750.00 1,500.00
Drainage ROW 1,000.00
Sediment Control 1,500.00
Construction of driveway and sidewalk -0- -----
 Total Damages $11,200.00 ==========
The plaintiff may recover said loss less the amount of $6,700 or $4,500, with interest. Plaintiff is allowed $500 and $1,000 for the appraiser's report and for court appearances.
Costs are allowed.
 /s/ R.P. Burns, J.T.R. Robert P. Burns, Judge Trial Referee"
 ___________________ Robert P. Burns, Judge Trial Referee